THEOPHILE TURGEON *vs.* JOSEPH COTE, and another.

Androscoggin.    Opinion June 3, 1895.

*Pleading.    Account annexed.*

An account is a detailed statement of items of debt and credit, or of debt, arising out of contracts between parties.

A demurrer will defeat a writ when there is annexed to the declaration an account as follows : " For balance due on account for labor performed and materials furnished — ( as contractor for wood work for the erection and construction of the above building as per agreement) — $725.00;" on which balance of account are credited several items of cash leaving a final balance of account of $260.00, there being no other count in the writ excepting that on the account annexed. The contract price is not stated; nor are any items given that constitute the balance of $725.00 due on account.

ON EXCEPTIONS.

This was an action of assumpsit to enforce a lien on the defendants' house.

The declaration in the writ contained a single count upon an account annexed.

The account annexed is as follows:

"November 10, 1894.

Joseph Cote and Agnes Cote,

To          Theophile Turgeon,                    Dr.

"To Balce due on account for labor performed and
    materials furnished, as contractor for wood work,
    for the erection and. construction of the above
    building, as per agreement,                    $725.00

Cr.

1894.
June 19th, By cash received on account,                $125.00
July   7th,  "      "      "      "      "             150.00
Sept.  1st,  "      "      "      "      "             100.00
  "    4th,  "      "      "      "      "              40.00
  "   10th,  "      "      "      "      "              50.00

                                                    $465.00
        Balce due,                                  $260.00 "

The defendants demurred to the declaration which was joined, and after hearing overruled.

The defendants thereupon took exceptions to the decision of the court overruling the demurrer; and the case was certified to the Chief Justice under R. S., c. 77, § 43.

*J. G. Chabot*, for plaintiff.

The contract being an executed one and the agreement performed on plaintiff's part, account annexed or indebitatus count is a proper count to admit any evidence in support or defense of same. 2 Chit. Pl. 16th Ed. p. 27, and cases cited; 2 Green. Ev. 10th Ed. § 104, p. 82, and cases cited.

Date of executed parol contract sufficiently alleged in the date of "the purchase of this writ," in this action, date alleged being immaterial since any other day could be proved at trial. 1 Chit. Pl. 16th Ed. p. 351, and notes; *Ripley* v. *Hebron*, 60 Maine, 388; *Little* v. *Blunt*, 16 Pick. 365.

And also sufficiently stated by the accompanying allegations, that the action is brought within ninety days after performance of said contract, for the construction of said building, to inform defendants. *State* v. *Rush*, 77 Mo. 586, cited in Am. and Eng. Enc. of Law, Vol. 5, page 352.

No averment need be made which the law does not require to be proved. *Knapp* v. *Slocomb*, 9 Gray, 73.

The point aimed at by defendants, (the allegation of precise date on which parol agreement, in account annexed was made,) being only matter of form, since any other date than the one alleged could have been proved in support of the action, if material, should have been by special demurrer calling attention to special defect. *Blanding* v. *Mansfield*, 72 Maine, 429 ; Steph. on Pl. *140. Counsel also cited : *Moore* v. *Royce*, 92 Mass. 556 ; *Cape Elizabeth* v. *Lombard*, 70 Maine 399 ; *State* v. *Carrick*, 14 Am. St. Rep. 390-1 ; *George* v. *Thomas*, 16 Tex. 74 ; S. C. 67 Am. Dec. 612.

*D. J. McGillicuddy and F. A. Morey*, for defendants.

The time of every item that goes to make up the plaintiff's cause of action or that can in any way be traversed must be given. Taking the declaration as it appears, what is there in it that can enlighten the defendants as to the nature of the action and the exact items for which suit is brought? The plaintiff should set out the items of his account. The items of his labor, the items of his materials. The writ shows that a three-story flat roofed wooden building was built by the plaintiff for the defendants. We wish the whole account given, and the time of every traversable fact that enters into the plaintiff's account in this suit. The difference between the parties is one hundred and forty dollars. It will be impossible for the defendants to prepare for trial unless they were apprised of each item in the bill. Counsel cited : *Shorey* v. *Chandler*, 80 Maine, p. 411, citing *Cole* v. *Babcock*, 78 Maine, 41.

SITTING : PETERS, C. J., EMERY, FOSTER, HASKELL, WHITE-HOUSE, WISWELL, JJ.

PETERS, C. J.    The account annexed to the writ, which as a part of the plaintiff's declaration is demurred to by the defendant, is as follows :   "For balance due on account,— for labor performed and materials furnished, as contractor for wood work for the erection and construction of the above building as per agreement,— $725.00."

On this balance of account are credited several items of cash, leaving a final balance of account of $260.00.    The building alluded to is one attached on the writ, and on which it is averred, a lien-claim for the amount of the account exists.

It is not alleged what the price of the work contracted for was, nor does it in any way appear what any or all of the items are constituting the balance due on account of $725.00.    The defendant is entitled to know what these particulars are before he can be required to determine whether he will admit or contest the claim.    Had the balance been declared upon as a sum due on an account stated it might have been different.    An account is a detailed statement of items of debt and credit or of debt arising out of contracts between parties.    The phrase "a balance due on account" discloses no items.    *Bennett* v. *Davis*, 62 Maine, 544.

*Demurrer sustained*.