WORTHINGTON & FRIZELLE v. TITUS JOLLY.

(Filed 10 October, 1917.)

1. **Vendor and Purchaser — Statutes—Verified Account — Evidence—Prima Facie Case—Partnership.**

   The statutory statement of an account of goods sold and delivered, received as *prima facie* evidence in a court of a justice of the peace, is sufficient if verified by a partner in plaintiff's firm and in conformity with the statute.

2. **Vendor and Purchaser — Statutes—Verified Account — Evidence—Prima Facie Case—Statute of Frauds—Debt of Another.**

   The itemized and verified account allowed by the statute in actions begun in the court of a justice of the peace affords *prima facie* evidence of the sale and delivery of the goods; and upon trial on appeal in the Superior Court, in which the defendant claims he is not liable under the statute of frauds, upon the ground that he is sought to be bound by his parol promise to be charged with the debt of another, it is reversible error to submit to the jury the verified account whereon was written the name of the defendant as "responsible."

3. **Appeal and Error—Evidence—Verified Account—Statute of Frauds—Debt of Another.**

   In an action to recover for goods sold and delivered, where there is conflicting evidence upon the fact as to whether the defendant was sought to be charged upon his parol promise to pay for the debts of another, it is reversible error for the judge to fail in his charge to explain the statute of frauds and its effect upon the controversy, and make the answer to the issue solely depend upon whether the parol promise had been given. *Peel v. Powell*, 156 N. C., 533, cited and applied.

CIVIL ACTION tried before *Harding, J.,* at May Term, 1917, of PITT. From the judgment rendered, defendant appealed.

*F. G. James & Son for plaintiff.*
*Skinner & Cooper for defendant.*

BROWN, J. This action is brought to recover $82.02 for goods alleged to have been sold and delivered to one Summerell, at request of defendant. The plaintiff put in evidence a verified account, under the statute, which was objected to by defendant.

The person who verified it was Worthington, a member of the firm. We do not think it comes within the objection stated in *Nall v. Kelly,* 169 N. C., 717, but rather that it is supported by that case, so far as its regularity is concerned.

But we think the judge should have confined the account strictly to *prima facie* evidence of the delivery of the goods to Summerell. At the beginning of the account is written, "Titus Jolly responsible." The account is not competent evidence of Jolly's responsibility, and those words should be stricken out and not permitted to go to the jury. They are well calculated to influence and possibly mislead the jury in their verdict.

In respect to the charge of the court, we think the assignments of error are well laid. The learned judge below did not explain to the jury the statute of frauds and what effect it has upon the controversy. The liability of defendant appears to have been made to depend upon whether he agreed to pay for all goods furnished Summerell. Defendant may have so agreed, and then not be liable, as such alleged agreement was not in writing. In order to hold the defendant upon a verbal promise, it must be found that he was an original promissor and was not a mere surety—in fact, that he purchased the goods practically on his own account and directed their delivery to Summerell.

The law is well stated in *Peel v. Powell,* 156 N. C., 553, as follows: "The obligation of a promissor to answer for the 'debt, default, or miscarrige of another' is original and binding if made at the time or before the debt is created, when the credit is given solely to the promissor, or to both."

The evidence upon this phase of the case is conflicting, and the court should have stated the evidence and contentions of both parties and let the jury determine whether it was the intention of both plaintiff and defendant that the latter should become the responsible debtor upon whose verbal request the goods were delivered, or did he promise solely as surety for Summerell. In the latter event there must be written evidence of the promise.

New trial.