ENDICOTT-JOHNSON CORPORATION v. JENNIE B. SCHOCHET AND S. I. BLOMBERG.

(Filed 6 June, 1930.)

**Account, Action on, C a—Itemized statement sworn to by plaintiff's treasurer held admissible under C. S., 1789.**

> An itemized, verified statement of an account is an *ex parte* statement and the statute governing its admission, C. S., 1789, must be strictly complied with, and the person who verifies the account, being treated as a witness *pro tanto* must be competent to testify as a witness in respect to the account if called upon at the trial, but where an itemized statement of account offered at the trial is verified by the treasurer of the plaintiff corporation who declares in his affidavit that "he is familiar with the books and business" of the plaintiff, it cannot be held as a matter of law that the affiant had no personal knowledge of the transaction, and the exclusion of the statement by the trial court will be held for reversible error. *Nall v. Kelly,* 169 N. C., 717, cited and distinguished.

CIVIL ACTION, before *MacRae, Special Judge,* at January Term, 1930, of BUNCOMBE.

The plaintiff instituted an action against the defendants to recover the sum of $2,349.58 for goods sold and delivered. The defendants had purchased goods, wares and merchandise from time to time on open account and there was a balance due of $2,349.58. The defendants contended that the goods were delivered to Schochet and that the defendant Blomberg had guaranteed one invoice and only one.

The plaintiff offered in evidence a verified itemized statement of the account in the following language: "Be is remembered that on 18 August, 1929, before me, Harold A. Schaff, a notary public in and for

25—198

the said county of Broome, personally came Bruce L. Babcock, who being by me duly sworn, deposes and says:

That he resides in the city of Binghamton, Broome County, New York, and is the treasurer of Endicott-Johnson Corporation, a corporation organized and existing under the laws of the State of New York, having its principal office and place of business in said village of Endicott, and is duly authorized to make this affidavit; that he is familiar with the books and business of said Endicott-Johnson Corporation; that the attached statement of account against S. I. Blomberg and Mrs. Jennie B. Schochet is just and correct; that the goods and merchandise represented by the items therein contained were respectively sold and delivered to the said person, firm or corporation, at his, their, its special instance and request, and upon the dates therein stated; that no payments have been made thereon and there are no offsets thereto except as in said account stated; that the balance thereof amounting to $2,349.58 is justly due and owing to said Endicott-Johnson Corporation besides interest thereon from ................."

Attached to the affidavit was a statement of account.

The defendant objected to the introduction of the itemized statement and the court excluded it.

Two issues were submitted to the jury as follows:

1. "Is the defendant, Jennie B. Schochet, indebted to the plaintiff? If so, in what amount?"

2. "Is the defendant, S. I. Blomberg, indebted to the plaintiff? If so, in what amount?"

The jury answered the first issue "$2,349.58," and the second issue "No."

From the judgment upon the verdict plaintiff appealed.

*Jos. W. Little and T. W. Lipscomb for plaintiff.*
*Bernard, Williams & Wright for defendants.*

BROGDEN, J. The trial judge excluded the verified statement offered by plaintiff apparently upon the theory that it was not in the proper form. C. S., 1789, was enacted for the purpose of facilitating the proof of claims specified in the statute. As an itemized verified statement of account is only an *ex parte* statement, the courts have held that the statute should be strictly construed. *Nall v. Kelly,* 169 N. C., 717, 86 S. E., 627. Furthermore, the person who verifies the account is to be treated as a witness *pro tanto,* and hence the verification must be made by a person who would be a competent witness if called at the trial to testify with respect to the transaction.

The original record in *Worthington v. Jolly,* 174 N. C., 266, 93 S. E., 776, discloses an affidavit as follows: "T. J. Worthington, being duly

sworn, says that he is one of the plaintiffs, and that the foregoing account against Titus Jolly is correct and just, and that the same was the goods delivered to Edgar Summerell upon the order of Titus Jolly, and that he is now due $90.59 upon said account." The said affidavit was approved by this Court.

The affidavit in the case at bar is almost in the identical language of the one in *Lloyd v. Poythress,* 185 N. C., 180, 104 S. E., 166. There were two dissenting opinions in that case, but no attack was made upon the regularity of the affidavit. Indeed, an examination of all the opinions filed would indicate that the evidence was in proper form, but that the person who made the affidavit was not otherwise qualified to testify concerning the transaction.

The defendants rely upon *Nall v. Kelly, supra.* While there are certain expressions in that case that apparently support the defendants' contention, an examination of the opinion discloses that the competency as a witness, of the person making the affidavit was the real question in the case. Furthermore, there was nothing to indicate that the plaintiff in the case had any personal knowledge of the transaction. In the case at bar the person making the affidavit declares therein "that he is familiar with the books and business of said Endicott-Johnson Corporation." Hence it cannot be said as a matter of law that the affiant had no personal knowledge of the transaction.

We are of the opinion and so hold, that the verified itemized statement was admissible in evidence.

New trial.