JOHNSON SERVICE COMPANY v. RICHARD J. CURRY AND
COMPANY, INC.

No. 7514SC872

(Filed 7 April 1976)

1. **Evidence § 29— verified itemized statement of account — admissibility**

   A verified itemized statement of an account was properly admitted
   in evidence where the affidavit of the person verifying the account
   shows that he has personal knowledge of the account and is familiar
   with the books and records pertaining to the account and the correct-
   ness thereof. G.S. 8-45.

2. **Evidence § 29— verified statement of account — availability of witness**

   The use of a verified statement of an account is not limited to
   those situations where the person verifying the account is unavailable
   to testify.

APPEAL by defendant from *McLelland, Judge.* Judgment en-
tered 12 May 1975 in Superior Court, DURHAM County. Heard
in the Court of Appeals 17 February 1976.

This is a civil action wherein the plaintiff, Johnson Serv-
ice Company, a corporation, seeks to recover from the defend-
ant, Richard J. Curry and Company, Inc., on an account for
material and labor the total sum of $20,278.70.

In its first count in its complaint plaintiff alleged that
from 5 December 1972 to 26 January 1973, at defendant's re-
quest, it provided to the defendant for the construction of en-
vironmental laboratories, certain materials and labor, and that
the balance due on this account was $7,774.83. In a second count
the plaintiff alleged that from 24 January 1972 to 31 August
1972, at defendant's request, it provided to the defendant for
the construction of environmental laboratories material and
labor, and that the balance due on this account was $12,503.87.
The defendant filed answer denying that it was indebted to
the plaintiff and alleged a counterclaim for breach of warranty.

At trial plaintiff offered a verified itemized statement of
the account from 5 December 1972 to 26 January 1973 showing
a balance due in the amount of $7,774.83. This verified account
was signed by Henry Sowell, Jr., who also appeared personally
and testified. At trial plaintiff offered the verified itemized state-
ment of the account from 24 January 1972 to 31 August 1972
showing a balance due of $12,503.87. This verified account was

signed by James G. Potter who also appeared personally and testified.

The jury found that the defendant was indebted to the plaintiff on the accounts in the total sum of $20,278.70, and that the plaintiff had not expressly or impliedly warranted "that the goods and materials sold to the defendant would be fit for the particular purpose for which the defendant was to use them."

From judgment on the verdict, defendant appealed.

*Clark, Tanner and Williams by David M. Clark and W. Fred Williams, Jr., for plaintiff appellee.*

*Powe, Porter, Alphin and Whichard by Charles R. Holton for defendant appellant.*

HEDRICK, Judge.

[1] Defendant's three assignments of error present the question of whether the court erred in allowing into evidence Henry Sowell, Jr.'s and James G. Potter's verified itemized statements of plaintiff's account with the defendant.

G.S. 8-45 provides:

> *"Itemized and verified accounts.*—In any actions instituted in any court of this State upon an account for goods sold and delivered, for rents, for services rendered, or labor performed, or upon any oral contract for money loaned, a verified itemized statement of such account shall be received in evidence, and shall be deemed prima facie evidence of its correctness."

Defendant contends that neither Sowell nor Potter was competent to verify plaintiff's account with the defendant. The account must be sworn to by some person who would be a competent witness to testify to the correctness of the account. *Nall v. Kelly,* 169 N.C. 717, 86 S.E. 627 (1915). It is sufficient if the affiant has personal knowledge of the account or is familiar with the books and records of the business and is in a position to testify as to the correctness of the records. *Endicott-Johnson Corp. v. Schochet,* 198 N.C. 769, 153 S.E. 403 (1930).

Sowell's affidavit in pertinent part reads as follows:

> "Pete Sowell, first being duly sworn, says that he is the service salesman for the Johnson Service Company in the

office located at 1716 New Hope Church Road, Raleigh, North Carolina, and is duly authorized by Johnson Service Company to make this affidavit on its behalf; that during 1972 and subsequent thereto, he serviced the account of Richard J. Curry and Company, Inc., and is familiar with the books and records of that account; that the attached account of Richard J. Curry and Company, Inc. supported by the itemized statement of goods sold and delivered to and services performed for Richard J. Curry and Company, Inc. as shown by the invoices attached hereto, is true and correct; * * * "

Potter's affidavit in pertinent part reads as follows:

"JAMES G. POTTER, being first duly sworn, says that he is a Sales Engineer for Johnson Service Company in the office located at 900 N. Stafford Street, Arlington, Virginia, and is duly authorized by Johnson Service Company to make this affidavit; that during 1971 and subsequent thereto, he serviced the account of Richard J. Curry & Company, Inc. and is familiar with the books and records of that account; that the attached account of Richard J. Curry & Company, Inc., supported by the itemized statements of goods sold and delivered to Richard J. Curry & Company, Inc. as shown by the quotations, purchase orders, acknowledgment of purchase order, invoices and computerized statement of account attached hereto, is true and correct; * * * "

In our opinion, these affidavits show on their face that the witnesses had personal knowledge of the account and were familiar with the books and records of plaintiff pertaining to the account and the correctness thereof. Indeed, the competency of the witnesses to give the verified itemized statement of the account was established when they testified at trial.

[2]   Defendant also contends the court erred in admitting the affidavits into evidence simply because the affiants, Sowell and Potter, were available and did testify at the trial. While G.S. 8-45 serves a useful purpose in facilitating the collection of accounts where there is no bona fide dispute, and in relieving the plaintiff of the expense and delay of taking depositions, Stansbury N. C. Evidence 2d, § 157, we find nothing in the statute or our case law that limits the use of a verified statement of the account to only those situations where the witness

is unavailable to testify. These assignments of error are not sustained.

No error.

Judges BRITT and MARTIN concur.