BRAMCO ELECTRIC CORP., a New York Corporation v. P. WESLEY SHELL, Trading and doing business as SHELL ELECTRIC CO.

No. 7622DC612

(Filed 15 December 1976)

1. **Evidence § 29— affidavit of attorney — no itemized verified statement of account**

   In an action to recover a sum allegedly due on an open account, the trial court did not err in refusing to allow into evidence an affidavit of an attorney for plaintiff which set forth certain communications between affiant and defendant, since the affidavit did not qualify as a "verified itemized statement" of an account between plaintiff and defendant which would have been admissible pursuant to G.S. 8-45.

2. **Evidence § 29— purported statement of open account — failure to itemize — statement inadmissible**

   In an action to recover a sum allegedly due on an open account, the trial court did not err in refusing to allow into evidence a verified document purporting to be an itemized statement of defendant's account with plaintiff, since plaintiff failed to show that the affiant had any personal knowledge of the matters set forth in the document, that she was familiar with the books and records of plaintiff corporation, or that she would have been competent to testify if called as a witness at trial; moreover, the exhibit did not qualify as an *itemized* statement of the alleged account as contemplated by G.S. 8-45.

APPEAL by plaintiff from *Johnson, Judge.* Judgment entered 22 March 1976 in District Court, IREDELL County. Heard in the Court of Appeals 9 December 1976.

In this action plaintiff, a New York corporation, seeks to recover from defendant $1,546.60, plus interest, allegedly due on an open account. Made a part of the verified complaint by reference is a document marked Exhibit "A" purporting to be an itemized statement of defendant's account with plaintiff.

In his answer defendant denied owing plaintiff anything and pled several affirmative defenses including the three-year statute of limitations. While admitting that in prior years he had done business with plaintiff, defendant alleged that he now owes plaintiff nothing and asked that plaintiff be required to furnish an itemized statement "showing any or all merchandise sold and delivered by the plaintiff to the defendant and a statement of all payments and credits" arising during the said period of time that defendant did business with plaintiff.

Neither party demanded trial by jury, and both parties moved for summary judgment pursuant to Rule 56. On 1 De-

cember 1975, the court entered an order denying defendant's motion for summary judgment but the record does not disclose any ruling on plaintiff's motion.

When the cause came on for trial at the 22 March 1976 Civil Session of the Court, plaintiff offered in evidence Exhibit 1 which, except for the verification, is the same as Exhibit "A" attached to the complaint, and the affidavit of Bruce S. Coleman, identified in the affidavit as a New York attorney for plaintiff. Defendant objected to the admission of the documents and the court sustained the objection.

Plaintiff offered no other evidence and the court entered judgment reciting the trial proceedings and providing that plaintiff recover nothing of defendant. Plaintiff appealed.

*Sowers, Avery & Crosswhite, by W. E. Crosswhite, for plaintiff appellant.*

*R. A. Collier for defendant appellee.*

BRITT, Judge.

The determinative question presented by this appeal is whether the trial court erred in rejecting as evidence the purported statement of account designated as Exhibit 1 and the affidavit of Attorney Coleman. We hold that the court did not err.

Plaintiff contends that the admission of the documents in evidence is authorized by G.S. 8-45 which provides as follows:

> "Itemized and verified accounts.—In any actions instituted in any court of this State upon an account for goods sold and delivered, for rents, for services rendered, or labor performed, or upon any oral contract for money loaned, a verified itemized statement of such account shall be received in evidence, and shall be deemed prima facie evidence of its correctness."

[1]   Clearly, the quoted statute does not authorize the admission of the affidavit of Attorney Coleman into evidence. In addition to identifying the affiant, it sets forth certain communications between him and defendant but does not come close to qualifying as "a verified itemized statement" of an account between plaintiff and defendant.

**[2]** Although plaintiff's Exhibit 1 more closely approaches qualification under the statute, we think that it too fails to meet the tests. In the first place, plaintiff failed to show that the affiant in this exhibit was a competent witness to the facts and would be competent to testify with respect to the account if called upon at trial.

The quoted statute was designed to facilitate the collection of accounts about which there is no bona fide dispute, and the statute must be strictly construed. *Nall v. Kelly,* 169 N.C. 717, 86 S.E. 627 (1915). An affiant who verifies an account of goods sold and delivered, which is to be received into evidence and taken as *prima facie* evidence of its correctness pursuant to said statute, shall be regarded and dealt with as a witness *pro tanto,* and to such extent must meet the requirements and is subject to the qualifications and restrictions as other witnesses. *Nall v. Kelly, supra. See also Endicott-Johnson Corporation v. Schochet,* 198 N.C. 769, 153 S.E. 403 (1930).

Plaintiff's purported itemized statement was verified by Miriam Coleman who is identified in the verification as the president of plaintiff corporation. The verification contains no statement to the effect, and there is no other showing, that affiant had any personal knowledge of the matters set forth in the affidavit or that she was familiar with the books and records of plaintiff corporation. The burden was on plaintiff to establish a *prima facie* case, and we hold that it failed to show that the affiant would have been competent to testify if called as a witness at trial. *Nall v. Kelly, supra.*

In the second place, we do not think the exhibit qualifies as an *itemized* statement of the account. The first entry on the statement is "8/30/71 Balance $9414.06." This entry is followed by thirteen debits, ten credits and twenty-three "balances." The only description of the debits on the statement is the letter A followed by various numbers—6204, etc. Included as a part of the record on appeal are reproductions of twenty-nine invoices bearing dates from 29 November 1969 to 28 February 1972, each of which contains a charge for interest on a balance then out-standing. However, a total of the charges shown on the invoices predating 30 August 1971 is approximately $600 as opposed to $9,414.06, the first entry·on the statement. We also note that the copy of invoice bearing No. A 5445 names a firm in Atlanta, Georgia, as the debtor. Only six of the thirteen debits appearing on the statement are supported by copies of invoices.

Our research fails to disclose a case in which an appellate court of this State has attempted to interpret what is contemplated by our statute as an *itemized* statement. Since many of the other states have statutes similar to G.S. 8-45, we deem it appropriate to review several decisions from some of those states.

In *People v. Lowden,* 285 Ill. 618, 121 N.E. 188, 189 (1918), we find:

". . . The meaning of an itemized statement of an account, claim, or demand is well understood and is constantly enforced by the courts in requiring bills of particulars showing the items of a claim or demand. The court defined the meaning of a legislative provision for an itemized statement in the case of *Lovell v. Sny Island Levee Drainage District,* 159 Ill. 188, 42 N.E. 600, where it was said:

" 'An item is a separate particular of an account, and to itemize is to state in items or by particulars.'

"A like definition is given in Webster's New International Dictionary that, as related to an account, to itemize is to state in items or by particulars; to set down as an item or by items; and the Standard Dictionary defines 'itemize' to mean to set down by items; state or describe by particulars, as to demand an itemized bill. . . ."

In *Taylor v. Crouch,* 219 Ark. 858, 245 S.W. 2d 217, 218 (1952), we find:

In *Brooks v. International Shoe Co.,* 132 Ark. 386, 200 S.W. 1027, 1028, we held that a statement, which merely listed the date and amount of each invoice, was *not* an itemized statement. We there quoted with approval the California Supreme Court, *Conner v. Hutchinson,* 17 Cal. 279: " 'The item must in all cases be set forth with as much particularity as the nature of the case will admit; * * *.' "

We also quoted to the same effect from Sutherland on Code Pleading: " 'The items of the account furnished must be set forth with as much particularity as the nature of the case admits of. * * *' "

Webster's New International Dictionary says: "Itemized" is "to state in items, or by particulars; as, to *itemize* costs, charges." The same publication says an "item" is

"an article; a separate particular in an enumeration, account, or total; a detail; as, the *items* in a bill." In 48 C.J.S., p. 788, the text says of "Itemize": "To set down by items; state or describe by particulars, as to demand an itemized bill; to state in items or by particulars."

In *Mugerdichian v. Goudalion,* 134 Me. 290, 186 A. 611, 612 (1936), the Supreme Judicial Court of Maine said: "An 'itemized account' is a detailed statement of items of debt and credit arising on the score of contract. *Turgeon v. Cote,* 88 Me. 108, 33 A. 787. 'Itemized' requires specific statement. *Dyar Sales, etc., Co. v. Mininni,* 132 Me. 79, 166 A. 620."

In *Brooks v. International Shoe Company,* 132 Ark. 386, 200 S.W. 1027 (1918), the Supreme Court of Arkansas said: ". . . The fact that invoices of the goods had been furnished at the time of the sale of the goods did not relieve the pleader from compliance with the statute by furnishing an itemized account. . . ."

We hold that plaintiff's Exhibit 1 did not qualify as an *itemized* statement as contemplated by G.S. 8-45.

For the reasons stated, the judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.