RALPH K. VANLANDINGHAM v. NORTHEASTERN MOTORS, INC.

No. 82ISC815

(Filed 6 September 1983)

**1. Evidence § 29.1— verified statement of account—business records exception**

A verified statement of account was properly admitted into evidence even though the verifier had no personal knowledge of all the matters contained therein since he certified that he was familiar with the books and records of the business and was competent to, and did in fact, testify to their correctness. Further, since it affirmatively appeared from the record that the various entries on the papers comprising the verified statement of account were made in the regular course of business and were authenticated by a witness familiar with the system under which they were made, the exhibit was also admissible under the business records exception to the hearsay rule.

Vanlandingham v. Northeastern Motors, Inc.

2. **Accounts § 2— account stated**

    By receiving, paying on, and not disputing, during the nearly two years that services were admittedly rendered by plaintiff accountant to defendant, any of the itemized statements received, the correctness thereof was impliedly admitted, and where no excuse, mistake or fraud was suggested or shown by defendant, defendant's account with the plaintiff became an account stated by the operation of law.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 29 March 1982 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 19 May 1983.

Plaintiff's suit for accounting and tax services rendered defendant was tried without a jury. The services were rendered under a written agreement which provided that plaintiff would be paid at the rate of $25 an hour for his work and be reimbursed for his expenses.

During the trial, plaintiff introduced into evidence over the defendant's objection an exhibit, identified as PX-B, which plaintiff testified was an itemized summary of all the time accumulated and the charges made therefor. The exhibit consisted of (a) some nineteen different itemized bills mailed defendant from September 21, 1979 through April 10, 1981, each of which summarized the services rendered during the period covered, the time required, expenses incurred, the amount due therefor, defendant's previous balance and the total amount then due; (b) copies of the Accounts Receivable and Revenue Ledger sheets maintained for defendant, showing a balance due of $23,376.68 and that the last payment was received June 12, 1981; (c) copies of Unbilled and Billed Client Receivables sheets maintained by plaintiff for defendant.

Plaintiff's verified statement containing the following is attached to the exhibit:

1. That from July, 1979, through June, 1981, he was a sole trader doing business as Ralph K. VanLandingham, Certified Public Accountant, and that as such he makes this affidavit.

2. That he is familiar with the books and business of said Ralph K. VanLandingham, Certified Public Accountant, and that an itemized statement of account upon which this action is brought is hereto attached, marked "Exhibit A-1"; and that

the attached statement of account of Northeastern Motors, Inc. is correctly copied from the books of original entry of said Ralph K. VanLandingham, Certified Public Accountant. That the charges were made in said books at or about the time of their respective dates; that the services rendered for which said charges were made were rendered as charged; that the charges are correct and the account just and true as that stated. That there is now due on said account the sum of $23,376.68; that no part of said sum has been paid or in any manner settled; and that there are no deductions or offsets of any kind.

Plaintiff also testified that he did much of the work himself; the exhibit reflected the work that he, his associates and employees did; the billings were prepared from his own time sheets and ledger reports; and he was familiar with the records and business practices of his office, but had no personal knowledge of the matters contained in time reports prepared by his employees and submitted to him.

At the end of the trial, the court rendered judgment for the plaintiff in the amount of $23,376.68.

*Jennette, Morrison, Austin & Halstead, by John W. Halstead, Jr., for plaintiff appellee.*

*White, Hall, Mullen, Brumsey & Small, by G. Elvin Small, III, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant's contention that the trial court erred in admitting into evidence the exhibit as a verified statement of account under G.S. 8-45 is without merit. The different itemized bills for each period showing the services rendered, the time required, expenses incurred, charges made, the previous balance, the amount then due, and the different ledger sheets showing charges, payments, and balances all along, are ingredients enough for a good, verified statement of account. *Bramco Electric Corp. v. Shell*, 31 N.C. App. 717, 230 S.E. 2d 576 (1976). That the verifier had no personal knowledge of all the matters contained therein did not disqualify the exhibit as a verified statement, since he certified that he was familiar with the books and records of the business

and was competent to, and in fact did, testify to their correctness. Our law requires no more. *Johnson Service Co. v. Richard J. Curry and Co., Inc.*, 29 N.C. App. 166, 223 S.E. 2d 565 (1976). Furthermore, since it affirmatively appears from the record that the various entries on the papers comprising the exhibit were made in the regular course of business, at or near the time of the transactions involved, and were authenticated by a witness familiar with the system under which they were made, the exhibit was also admissible under the business records exception to the hearsay rule. *Bond Park Truck Service, Inc. v. Hill*, 53 N.C. App. 443, 281 S.E. 2d 61 (1981).

[2] The defendant's argument that the verdict rendered is unsupported by evidence is likewise unavailing. Not only does the recorded evidence support the verdict rendered—the hours worked and the charges made therefor being tallied on the statements received monthly by the defendant, and the ledger sheets showing the balances due at all stages, including at trial—but the verdict is also justifiable under the theory of account stated. By receiving, paying on, and not disputing, during the nearly two years that services were admittedly rendered, any of the itemized statements received—all of which showed defendant's running balance—the correctness thereof was impliedly admitted; and no excuse, mistake or fraud being either shown or suggested, defendant's account with the plaintiff became an account stated by operation of law. *Nello L. Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 126 S.E. 2d 500 (1962). Indeed, even at trial the correctness of no service rendered or charge made was disputed by defendant, whose evidence was only that plaintiff's auditing job did not enable it to get the bank loan that it desired, as had been anticipated.

No error.

Judges HEDRICK and WELLS concur.