DURHAM LIFE BROADCASTING, INC. v. INTERNATIONAL CARPET OUTLET, INC.

No. 8210DC1036

(Filed 6 September 1983)

**Contracts § 25— failure to prove existence of contract**

Plaintiff failed to prove a right to recover on an account for advertisements when plaintiff failed to prove the existence of a contract, which was a prerequisite to its right to recovery. Exhibits which included an itemized statement of account and supporting invoices pursuant to G.S. 8-45 did not establish the existence of a contract and did not entitle plaintiff to recover since there was a dispute concerning the existence of a contract.

APPEAL by plaintiff from *Barnett, Judge.* Judgment entered 11 May 1982 in District Court, WAKE County. Heard in the Court of Appeals 25 August 1983.

This action was brought to recover on an account for advertisements run on WPTF, a Raleigh radio station owned by the plaintiff.

Georgia Smith, the plaintiff's collections coordinator, was the only witness at trial. Exhibits offered into evidence included an itemized statement of account and supporting invoices. The defendant presented no evidence but denied that it requested or contracted for the advertisements to be run.

After arguments by counsel for both parties, the trial judge held for the defendant because there was no contract which authorized the plaintiff to air the advertisements on the defendant's behalf. From this judgment, the plaintiff appealed.

*Smith, Debnam, Hibbert & Pahl, by Bettie Kelley Sousa, for plaintiff-appellant.*

*Gulley and Barrow, by H. Spencer Barrow, for defendant-appellee.*

ARNOLD, Judge.

When an action is brought by a plaintiff, it has the burden of proof of establishing a right to recover. It must allege and prove all the essential elements of its cause of action. *See Wiles v. Mullinax*, 275 N.C. 473, 483, 168 S.E. 2d 366, 373 (1969). In this case, the plaintiff failed to prove the existence of a contract, which was a prerequisite to its right of recovery.

G.S. 8-45 does not establish the existence of a contract as the plaintiff argues. That statute says:

In any actions instituted in any court of this State upon an account for goods sold and delivered, for rents, for services rendered, or labor performed, or upon any oral contract for money loaned, a verified itemized statement of such account shall be received in evidence, and shall be deemed prima facie evidence of its correctness.

This statute is applicable only where there is no dispute about an account. *Nall v. Kelly*, 169 N.C. 717, 719, 86 S.E. 627, 628 (1915); *Bramco Elec. Corp. v. Shell*, 31 N.C. App. 717, 719, 230 S.E. 2d 576, 577 (1976); 1 Brandis, N.C. Evidence § 157 (2d rev. ed. 1982). There is clearly a dispute in the case *sub judice* where the defendant denies the existence of a contract.

Because the plaintiff did not show the existence of a contract, judgment was properly entered for the defendant.

Affirmed.

Judges WEBB and BRASWELL concur.