Carmayer, LLC v. Koury Aviation, Inc., 2018 NCBC 73.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 2717

CARMAYER, LLC,

        Plaintiff,

v.

KOURY AVIATION, INC.;
BRADFORD A. KOURY; and
THOMAS HURLOCKER,

        Defendants.

**ORDER AND OPINION ON
PLAINTIFF'S MOTIONS FOR
JUDGMENT NOTWITHSTANDING
THE VERDICT AND A NEW TRIAL**

1.    **THIS MATTER** is before the Court on Plaintiff's Motion for Judgment Notwithstanding the Verdict (the "JNOV Motion") and Motion for a New Trial (with the JNOV Motion, the "Motions"). Having considered the Motions, the briefs in support of and in opposition to the Motions, and the arguments of counsel at a hearing on the Motions[1], the Court **DENIES** the Motions.

> *Gregory A. Wendling and Rossabi Reardon Klein Spivey PLLC, by Amiel J. Rossabi and Elizabeth M. Klein, for Plaintiff.*
>
> *Tuggle Duggins P.A., by Denis E. Jacobson, Jeffrey S. Southerland, and Richard W. Andrews, for Defendants.*

Robinson, Judge.

---

[1] At the hearing, the Court also heard arguments of counsel on Defendants' Motion for Costs and Motion for Attorneys' Fees. The Court will resolve these motions by separate order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

2.  The factual background of this litigation is set forth in greater detail in *Carmayer, LLC v. Koury Aviation, Inc.*, 2017 NCBC LEXIS 82 (N.C. Super. Ct. Sept. 11, 2017).

3.  This litigation arises out of Plaintiff Carmayer, LLC's ("Plaintiff" or "Carmayer") purchase of a 1976 Cessna 421C twin-engine propeller aircraft (the "Cessna 421C").  Plaintiff sought advice from Defendants in purchasing a plane that it could charter for hire under part 135 of the Federal Aviation Regulations ("Part 135").

4.  On October 20, 2014, Plaintiff purchased the Cessna 421C from a third party for the purpose of adding it to Defendant Koury Aviation, Inc.'s ("Koury Aviation") Part 135 certificate so that it could be hired out to third parties and thus generate revenue.  A Part 135 certificate allows an aircraft in compliance with Part 135 specifications to be operated for hire.  The Federal Aviation Administration ("FAA") has exclusive authority over whether to certify an aircraft under Part 135. Prior to Plaintiff's purchase of the Cessna 421C, a third party performed a 100-hour annual inspection of the aircraft, which is an intensive inspection required by the FAA in order for the aircraft to remain airworthy under the Federal Aviation Regulations.  In addition, Defendant Thomas Hurlocker ("Hurlocker") reviewed the Cessna 421C's logbooks and evaluated its aesthetics.

5.  After purchasing the Cessna 421C, Plaintiff arranged to have the plane flown back to Koury Aviation's facility in Greensboro, North Carolina where

Defendants made repairs to the aircraft in order to add it to Koury Aviation's Part 135 certificate. Ultimately, the FAA did not certify the Cessna 421C under Part 135, and it was never added to Koury Aviation's Part 135 certificate.

6. Carmayer filed the Complaint initiating this action on January 11, 2016. (ECF No. 1.) The Complaint asserted claims against Defendants for negligent misrepresentation and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1.[2] (Compl. 8, 10.)

7. This action was designated as a mandatory complex business case by order of the Honorable Mark Martin, Chief Justice of the Supreme Court of North Carolina, dated February 17, 2016, (ECF No. 3), and assigned to then Chief Business Court Judge James L. Gale by order dated February 19, 2016, (ECF No. 4). This case was later reassigned to the undersigned by order dated July 5, 2016. (ECF No. 21.)

8. On March 16, 2016, Defendants filed their answer, and Koury Aviation filed a counterclaim against Carmayer for breach of contract.[3] (ECF No. 9.)

9. The case proceeded to trial before a jury duly empaneled on February 26, 2018. At the close of Plaintiff's case-in-chief, the Court directed a verdict in favor of Hurlocker on Plaintiff's claim for negligent misrepresentation against Hurlocker to the extent that this claim was based on Hurlocker's alleged misrepresentation that

---

[2] The Complaint also asserted claims for negligence, gross negligence, and breach of fiduciary duty, which the Court dismissed with prejudice by an Order and Opinion dated September 11, 2017. (ECF No. 79.)

[3] Defendants also asserted a counterclaim for defamation, which Defendants voluntarily dismissed without prejudice on February 14, 2018. (ECF No. 91.)

Defendant Bradford A. Koury ("Koury") was an expert in chartering aircraft under Part 135. At the close of Defendants' evidence, Plaintiff moved for a directed verdict on its claims and on Koury Aviation's counterclaim. The Court denied Plaintiff's motion.

10. On March 9, 2018, the Court submitted to the jury special interrogatories relating to Plaintiff's section 75-1.1 claim, liability and damages issues relating to Plaintiff's remaining claims for negligent misrepresentation, and liability and damages issues relating to Defendant Koury Aviation's counterclaim for breach of contract. The jury unanimously answered all issues submitted to them in favor of Defendants and awarded Defendant Koury Aviation damages in the amount of $8,144.31 on its counterclaim. (ECF No. 107.)

11. On March 14, 2018, and consistent with the Court's directed verdict ruling and the jury's verdict, the Court entered a Judgment in which the Court dismissed with prejudice Plaintiff's claims against Defendants and entered judgment in favor of Koury Aviation and against Plaintiff in the amount of $8,144.31. (ECF No. 108.)

12. On March 26, 2018, Plaintiff filed its JNOV Motion and its Motion for a New Trial. (ECF Nos. 111, 113.)

13. The Motions have been fully briefed, and the Court held a hearing on the Motions on June 7, 2018. The Motions are now ripe for resolution.

## II. JNOV MOTION

14. "A motion for judgment notwithstanding the verdict is essentially a renewal of an earlier motion for directed verdict." *Scarborough v. Dillard's, Inc.*, 363

N.C. 715, 720, 693 S.E.2d 640, 643 (2009) (quotation marks omitted). "A motion for JNOV provides the trial court with an opportunity to reconsider the question of the sufficiency of the evidence after the jury has returned a verdict and permits the court to enter judgment in accordance with the movant's earlier motion for a directed verdict and notwithstanding the contrary verdict actually returned by the jury." *Primerica Life Ins. Co. v. Massengill & Sons Constr. Co.*, 211 N.C. App. 252, 256−57, 712 S.E.2d 670, 675 (2011) (quotation marks omitted). A motion for judgment notwithstanding the verdict tests the sufficiency of the evidence to take the case to the jury and support a verdict for the non-movant. *Id.* at 257, 712 S.E.2d at 675. "The party moving for judgment notwithstanding the verdict, like the party seeking a directed verdict, bears a heavy burden under North Carolina law." *S. Shores Realty Servs., Inc. v. Miller*, 796 S.E.2d 340, 347−48 (N.C. Ct. App. 2017) (quoting *Taylor v. Walker*, 320 N.C. 729, 733, 360 S.E.2d 796, 799 (1987)). "A motion for either a directed verdict or JNOV should be denied if there is more than a scintilla of evidence supporting each element of the non-movant's claim." *Hewitt v. Hewitt*, 798 S.E.2d 796, 799 (N.C. Ct. App. 2017). "A scintilla of evidence is defined as very slight evidence[,]" *S. Shores Realty Servs., Inc.*, 796 S.E.2d at 347, and "[t]he trial court must construe the evidence in the light most favorable to the non-movant and resolve all evidentiary conflicts in the non-movant's favor[,]" *Morris v. Scenera Research, LLC*, 368 N.C. 857, 861, 788 S.E.2d 154, 158 (2016).

## A.  Special Interrogatories (Plaintiff's Section 75-1.1 Claim)

15.  In order to prevail on its section 75-1.1 claim, Plaintiff must prove (1) an unfair or deceptive act or practice, (2) in or affecting commerce, (3) which proximately caused injury to Plaintiff.  *Krawiec v. Manly*, 370 N.C. 602, 612, 811 S.E.2d 542, 550 (2018).  "The determination of whether an act or practice is an unfair or deceptive practice that violates [N.C. Gen. Stat.] § 75-1.1 is a question of law for the court." *Estate of Hurst v. Moorehead I, LLC*, 228 N.C. App. 571, 581, 748 S.E.2d 568, 576 (2013) (quoting *Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000)).  "Ordinarily, once the jury has determined the facts of a case, the court, based on the jury's findings, then determines, as a matter of law, whether the defendant engaged in unfair or deceptive practices in or affecting commerce." *Walker v. Fleetwood Homes of N.C., Inc.*, 362 N.C. 63, 71, 653 S.E.2d 393, 399 (2007).  "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Richardson v. Bank of Am., N.A.*, 182 N.C. App. 531, 540, 643 S.E.2d 410, 416 (2007) (quoting *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981)).  "[A] practice is deceptive if it has the capacity or tendency to deceive." *Walker*, 362 N.C. at 72, 653 S.E.2d at 399 (alteration in original).  Whether an act or practice is unfair or deceptive depends on the facts of each case and the impact the practice has in the marketplace. *Mitchell v. Linville*, 148 N.C. App. 71, 74, 557 S.E.2d 620, 623 (2001).

16.     Plaintiff moves for judgment notwithstanding the verdict, arguing that the jury's answers in Defendants' favor to the following special interrogatories on Plaintiff's section 75-1.1 claim were not supported by the evidence:

Issue No. 9: Did one or both of the Defendants do the following:

(a) If they knew that the annual had not been done properly by Steve Montgomery, did Defendants fail to disclose to Carmayer that, based upon a review of the log books and Tom Hurlocker's evaluation of the Cessna 421C, the annual inspection supposedly conducted on September 29, 2014 could not have been conducted properly[?]

| | | | |
|---|---|---|---|
| Brad Koury | _____ YES | _____ NO |
| Tom Hurlocker | _____ YES | _____ NO |

. . . .

(d) Did Defendants fail to disclose to Carmayer that they knew, prior to the October 20, 2014 closing on the plane, that the Cessna 421C would be a "bear" or painful or require a lot of work and expense to get the plane on Koury Aviation's Part 135 certificate?

| | | | |
|---|---|---|---|
| Brad Koury | _____ YES | _____ NO |
| Tom Hurlocker | _____ YES | _____ NO |

. . . .

(e) Did Defendants fail to disclose to Carmayer, prior to the October 20, 2014 closing on the plane, that when an FAA inspector changes in the district, it can cause a significant delay in Part 135 certificate approval?

| | | | |
|---|---|---|---|
| Brad Koury | _____ YES | _____ NO |
| Tom Hurlocker | _____ YES | _____ NO |

(Verdict Sheet 5−6.)

17.     Plaintiff contends that had the jury returned affirmative answers to these interrogatories, the Court would then be required to enter judgment for Plaintiff on its section 75-1.1 claim.  Affirmative answers to the special interrogatories, however,

standing alone and without evidence sufficient to sustain a verdict for Plaintiff on its negligent misrepresentation claim, are insufficient to constitute unfair or deceptive trade practices under section 75.1-1.

18. Here, the jury found in favor of Defendants on Plaintiff's negligent misrepresentation claims. As a result, affirmative answers to the three special interrogatories are the only facts that the Court may consider to conclude that Defendants engaged in unfair or deceptive conduct under section 75-1.1. Without evidence of negligent misrepresentation, the Court concludes that Defendants' mere failure to disclose to Plaintiff that the annual inspection could not have been conducted properly, that the Cessna 421C would be a "bear" or require a lot of work and expense to be added to Koury Aviation's Part 135 certificate, and that a change in an FAA inspector can cause significant delay in Part 135 certificate approval, viewed collectively, do not constitute unfair or deceptive acts or practices under section 75-1.1.

19. Moreover, Plaintiff has failed to prove, or to point out to the Court in its briefing, facts sufficient to support a conclusion that Defendants' alleged failures to disclose were unethical or unscrupulous, had the capacity or tendency to deceive, or created the likelihood of deception. *See Richardson*, 182 N.C. App. at 540, 643 S.E.2d at 416 ("[I]t is a question for the jury as to whether [a party] committed the alleged acts, and then it is a question of law for the court as to whether *these proven facts* constitute an unfair or deceptive trade practice." (second alteration in original) (emphasis added)); *Walker v. Branch Banking & Tr. Co.*, 133 N.C. App. 580, 583, 515

S.E.2d 727, 729 (1999) ("The plaintiff need not show fraud, bad faith, deliberate acts of deception or actual deception, but must show that the acts had a tendency or capacity to mislead or created the likelihood of deception."); *Boyd v. Drum*, 129 N.C. App. 586, 593, 501 S.E.2d 91, 97 (1998) ("[P]laintiffs must demonstrate that the act possessed the tendency or capacity to mislead, or created the likelihood of deception." (quotation marks omitted)); *Edwards v. West*, 128 N.C. App. 570, 575, 495 S.E.2d 920, 924 (1998) (same).

20. Therefore, even assuming that the jury answered the special interrogatories in the affirmative, as Plaintiff contends the evidence required, those found facts were insufficient to establish that Defendants engaged in unfair or deceptive conduct. Accordingly, Plaintiff is not entitled to judgment notwithstanding the verdict on its section 75-1.1 claim.

B. **Koury Aviation's Counterclaim**

21. The jury awarded Defendant Koury Aviation money on account in the amount of $8,144.31. Plaintiff argues that the jury's damage award must be set aside because Koury admitted that he was not a competent witness to testify about the correctness of the account and, according to Plaintiff, under North Carolina law, "[t]he account must be sworn to by some person who would be a competent witness to testify to the correctness of the account." *Johnson Service Co. v. Richard J. Curry & Co.* 29 N.C. App. 166, 167, 223 S.E.2d 565, 567 (1976); (Mem. of Law in Supp. of Mot. JNOV & Mot. New Trial 4, ECF No. 114).

22. Plaintiff's reliance on *Johnson Service Co.*, however, is misplaced because that case concerned an action on a *verified* account pursuant to N.C. Gen. Stat. § 8-45. Under that statute, "a verified itemized statement of such account shall be received in evidence, and shall be deemed prima facie evidence of its correctness." N.C. Gen. Stat. § 8-45. Here, the account at issue was an *unverified* account, rendering section 8-45 and *Johnson Service Co.* inapplicable. Koury Aviation's account statement and the invoices for which Koury Aviation sought payment were admitted into evidence pursuant to the business records exception to the rule that hearsay is inadmissible. The account statement, invoices, and Koury's testimony as to the items for which Koury Aviation sought payment were sufficient to support the jury's verdict, and Plaintiff's JNOV Motion is therefore denied.

### III.   MOTION FOR A NEW TRIAL

23. Plaintiff moves for a new trial on the issue of damages to be awarded to Plaintiff as a result of Defendants' unfair or deceptive conduct. As the Court has concluded that Plaintiff is not entitled to judgment notwithstanding the verdict on Plaintiff's section 75-1.1 claim, Plaintiff is not entitled to a new trial on the issue of damages. Accordingly, Plaintiff's Motion for a New Trial is denied.

### IV.   CONCLUSION

24. For the foregoing reasons, the Court **DENIES** Plaintiff's Motions.

**SO ORDERED**, this the 20th day of July, 2018.


/s/ Michael L. Robinson
_____
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases