HAMILTON BROWN SHOE COMPANY *vs.* JOHN P. McCURDY.

Washington.   Opinion October 28, 1924.

*R. S., Chap. 87, Sec. 127, is in derogation of the common law and should be strictly construed.   There should be no attempt to extend its terms or plain intent by judicial legislation.   It applies only to actions brought on an itemized account.   It relates to a statement of the indebtedness existing between the parties to the suit, and intended to facilitate procedure in collection of accounts in actions of assumpsit.*

This case is not such an action but one brought to determine and enforce liability of a guarantor.   The account which appears in the case is against H. B. Thayer, who is not a party to the suit, as the terms of the statute provide.   In no way is the statute applicable to this action.

On report.   An action of assumpsit to recover on an account annexed for merchandise sold and delivered by plaintiff to one H. B. Thayer, the defendant having guaranteed the payment of the account in the name of a copartnership of which he was a partner.   The application of Sec. 127 of Chap. 87 of the R. S., was involved.   Plaintiff nonsuit.

The case is fully stated in the opinion.

*Gray & Sawyer,* for plaintiff.

*J. H. Gray,* for defendant.

SITTING:   CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

PHILBROOK, J.   On report.   The plaintiff claims to have sold and delivered merchandise to one H. B. Thayer.   The Columbian Packing Company is a partnership, consisting of the defendant and his brother James J. McCurdy, engaged in a grocery and fish business. This defendant, signing the partnership named thereto, gave the plaintiff the following writing:

"Lubec, April 16, 1914.

HAMILTON BROWN SHOE CO.,
      Boston, Mass.

Please deliver to H. B. Thayer of Lubec, County of Wash, State of Me., such goods as he may want from time to time, and for valuable considerations, which we hereby acknowledge to have received to his full satisfaction, we hereby agree to become fully responsible to you for any balance either in open accounts or in notes which he may from time to time owe you (not exceeding the amount of $1500.00, for such purchases until you have written instructions from us to the contrary. All such purchases to be on a credit of thirty days from date of bill. We waive all notice respecting your assent to this agreement and acknowledge that we have received all notice necessary to charge us as guarantor in case any deficiency shall in fact ever exist.

                    COLUMBIAN PACKING CO."

Thayer having failed to pay for merchandise which plaintiff claims to have sold and delivered to him, this suit was brought against the defendant as guarantor to recover the balance alleged to be due from Thayer. Not deciding any question of liability, nor amount due, if any, we are to determine whether the plaintiff offered sufficient evidence to make out a prima facie case.

The plaintiff relies upon the affidavit provided in R. S., Chap. 87, Sec. 127, which reads thus:

"In all actions brought on an itemized account annexed to the writ, the affidavit of the plaintiff, made before a notary public using a seal, that the account on which the action is brought is a true statement of the indebtedness existing between the parties to the suit, with all proper credits given, and that the prices or items charged therein are just and reasonable, shall be prima facie evidence of the truth of the statement made in such affidavit, and shall entitle the plaintiff to the judgment, unless rebutted by competent and sufficient evidence. When the plaintiff is a corporation, the affidavit may be made by its president, secretary or treasurer."

This statute is in derogation of the common law and should be strictly construed. There should be no attempt to extend its terms

or plain intent by judicial legislation. It applies only to actions brought on an itemized account. It relates to a statement of the indebtedness existing between the parties to the suit. It may be appropriately called a statute to facilitate procedure in collection of accounts in actions of assumpsit. The case at bar is not such an action but one brought to determine and enforce liability of a guarantor. The account which appears in the case is against H. B. Thayer, who is not a party to the suit, as the terms of the statute provide. In no way is the statute applicable to this action. The plaintiff having failed to prove his case the entry will be,

*Plaintiff nonsuit.*