FISHING GAZETTE PUBLISHING CO., INC.

*vs.*

BEALE & GANNETT COMPANY.

Washington.    Opinion March 3, 1925.

*Sec. 127 of Chap. 87, R. S., authorizing the use of affidavits as a mode of proof in actions of assumpsit, making such affidavits prima facie evidence only of what they contain violates no constitutional provision. The statute cannot be construed as making such affidavit conclusive proof, but in all cases it must be left to the tribunal determining the facts as to whether it is sufficient on which to base a verdict for the plaintiff. The authority of a foreign notary to administer oaths being of a statutory origin will not be presumed by this court without proof.*

The statute cannot be construed as empowering foreign notaries to administer oaths in such cases. A statute will not be construed as conferring authority on any person not within the jurisdiction of the State, unless by necessary implication, which does not exist in the instant case.

Furthermore this mode of proof is permitted in courts of law in this State only by the statute, and only such affidavits as comply with the statute can be received. Affidavits under the statute can only be received that have been "made before" a domestic notary and which bear the imprint of his notarial seal.

On exceptions. An action of assumpsit on account annexed. The plaintiff offered in proof of its claim an affidavit as complying with

R. S., Chap. 87, Sec. 127, purporting to have been made by its treasurer before a notary public in the State of New York, no evidence being offered as to the official capacity or authority of the person administering the oath except the imprint of the notarial seal. The affidavit was admitted under objection and defendant excepted. Exceptions sustained.

The case appears in the opinion.

*Oscar L. Whalen,* for plaintiff.

*E. B. Jonah and J. H. Gray,* for defendant.

SITTING: CORNISH, C. J., MORRILL, WILSON, STURGIS, BARNES, JJ.

WILSON, J. An action of assumpsit in the name of the Fishing Gazette, described in the writ as a corporation located in New York, to recover on an account annexed for advertising space furnished to the defendant company.

The plaintiff at the trial, in support of its declaration, offered an affidavit subscribed and sworn to by Russell Palmer, who described himself as treasurer of the Fishing Gazette Publishing Co., Inc., of New York.

The affidavit was offered as complying with Sec. 127, Chap. 87, R. S., and the oath was administered, according to the jurat, by Ruth C. Lane, Notary Public in and for New York County, and bears the imprint of a notarial seal.

To the introduction or reception of this affidavit the defendant seasonably objected and was allowed an exception. The court ordered judgment for the plaintiff. The case is before this court only upon the defendant's exception to the admission of the affidavit.

The bill of exceptions, however, is irregular in form and insufficient under the well-established rules of this court. No grounds of the defendant's objection to the admission of the affidavit appear in the bill of exceptions; nor does it appear, except by inference, that the defendant was aggrieved by its admission, as there might have been, so far as the bill of exceptions discloses, sufficient evidence in the case outside of the affidavit, on which to base the judgment of the court, although it appears to be tacitly admitted that the affidavit is the sole basis on which the judgment rests. This court cannot be compelled to travel outside the bill of exceptions itself. It must

affirmatively appear therein that the party excepting has been aggrieved. *Jones* v. *Jones*, 101 Maine, 447; *Feltis* v. *Power Co.*, 120 Maine, 101.

However, as counsel agree upon the main issue between them, and it is one frequently occurring in practice, and no question is raised by the plaintiff as to the adequacy of the bill of exceptions, the court will consider such of the defendant's objections as the parties agree were raised in the court below.

The defendant's objection to the constitutionality of the Act has no merit. This court has already held that the kind of evidence, that may be received by the court, may be determined by the Legislature. *Mansfield* v. *Gushee*, 120 Maine, 333, 336; *State* v. *Intox. Liquors*, 80 Maine, 57; *Wade* v. *Foss*, 96 Maine, 230; *Berry* v. *Lisherness*, 50 Maine, 118; Cooley Constitutional Lim., (6th Ed.) 450-2. While the language of the statute is mandatory as to the effect and sufficiency of such affidavits as evidence, this court held in *Mansfield* v. *Gushee*, supra, that its probative force must still be for the jury, or the tribunal determining the facts.

Upon the question of misnomer or variance, it does not appear that this question was raised in the court below. Against the objection of the plaintiff, it cannot be considered here under the defendant's bill of exceptions.

A variance or question of identity between parties named in written documents and those in the writ might, if raised below, have been cured or explained by other evidence. Whether cured or not in this case it must now be treated as waived, and moreover is of no importance, in view of our construction of the statute.

The real question between the parties, and the basis of the only objection which it is agreed was raised in the court below to the introduction of the affidavit is whether it was sworn to before an official authorized to administer the oath in such cases and also whether it sufficiently appears that the person whose name is subscribed to the jurat was a duly appointed and qualified notary public.

This method of proof is wholly statutory. The use of affidavits as evidence on which to base a final judgment is not permitted in this state in actions at law unless by virtue of some statute. Only the affidavits, therefore, described by Sec. 127 of Chap. 87, R. S., and made before the magistrate therein named, i. e., "a notary public using a seal," can be received and have the probative force given to it by the statute.

This court having already held that it will not take judicial notice of the authority of notaries public in other states to administer oaths to affiants, *Holbrook* v. *Libby*, 113 Maine, 389, without proof of such authority, an affidavit sworn to before a foreign notary would have to be rejected, unless Section 127 could be construed to vest such authority in foreign notaries.

But in view of the previous decisions of this court, *Bramhall* v. *Seavey*, 28 Maine, 45, 49; *Wilkins* v. *Dingley*, 29 Maine, 73, 74; *Holbrook* v. *Libby*, supra, and the rule of construction generally observed in such cases, Black on Interpretation, Sec. 42, Page 91, Sec. 127 cannot be construed as conferring any authority on foreign notaries. On the contrary, it must be held to restrict the use of such affidavits to those made before domestic notaries alone.

The Legislature will not be presumed to intend by language without limitation to bind or confer any authority upon persons not within its jurisdiction. "It is only when the legislature of the state expressly or by necessary implication grants the authority, that persons bearing without the limits of the state an official character, can perform any official act to be effectual by the laws of this state." *Bramhall* v. *Seavey*, supra. Where authority is conferred on officials, or officials are designated in a statute, the presumption is that only domestic officials are included.

No necessary implication exists in this instance that foreign notaries are also included. There is ample scope for the operation of this act when confined to affidavits made before domestic notaries. It is a significant fact, also, that whenever the Legislature has conferred authority on officials in other states to perform acts, or authorized official acts done in other states, to be effectual in this state, it has done so in express terms, as in the case of depositions and acknowledgment of deeds, Sec. 20, Chap. 112, R. S.; Sec. 23, Chap. 78, R. S.

As remarked *supra*, this method of proof is only permitted by virtue of the statute, and only affidavits, taken as provided in the statute, can be received. The Legislature, therefore, not having expressly, nor by necessary implication, authorized the receipt of affidavits made before officials in other states, or even before any other official than a notary public in this state, only such as have been made before such official, and bearing the imprint of his official seal, can be received or have the effect prescribed by the statute.

. If the Legislature deems it expedient to extend this mode of proof to affidavits "made before" officials of other states, it is solely within the province of that body to do so.

*Exceptions sustained.*