ISRAEL KETCH *vs.* B. S. SMITH.

Aroostook.      Opinion July 8, 1932.

*W. P. Hamilton*, for plaintiff.
*C. M. Fowler*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.   The case is before us on exceptions by the defendant to a ruling by the presiding Justice ordering a verdict for the plaintiff in the sum of $292.43.

The plaintiff was the owner of a Holmes note given by S. B. Schriver and Thelma Schriver to F. E. Peterson and secured by a lien on an automobile for which the note was taken in payment. The plaintiff, having taken possession of the car, started foreclosure. The makers of the note were sued on another note by L. S. Bean Co., who caused the automobile to be attached by this defendant, a deputy sheriff, as the property of the Schrivers on the premises of this plaintiff. The defendant at that time informed the plaintiff that L. S. Bean Co. had given him the money to pay the balance due on the mortgage, and the defendant took this money from his pocket but the plaintiff refused to talk with him. The plaintiff after the sixty days had expired, within which his foreclosure would ordinarily have been perfected, replevied the automobile. In this suit judgment was rendered for the defendant on the ground that at the time of the attachment there was still outstanding an equity of redemption, that the plaintiff had by his conduct waived a tender of the amount due on the mortgage, and that he had not given to the officer the required statutory notice which was a condition precedent to his bringing his action. Neither an exception nor motion was filed in the case but another replevin action was brought which was decided in favor of the defendant on the ground that the question was *res adjudicata*. Exceptions were taken and such decision was affirmed. *Ketch* v. *Smith*, 128 Me., 171, 146 A., 247.

The facts clearly set forth in the opinion of the court in that case are made a part of the record here. The defendant, who was the attaching officer, returned the money to L. S. Bean Co. from whom he had received it. Subsequently this action was brought by the same plaintiff for money had and received.

An action for money had and received lies when one has in his possession money which in equity and good conscience belongs to another, or if, having had the money, he has paid it out with knowledge of the plaintiff's right to it. *Maxwell* v. *Adams*, 130 Me., 230, 232, 154 A., 904.

In the instant case, if the plaintiff ever was entitled to the money, he apparently refused to accept it and elected to bring an action of replevin for a return of the automobile. On such refusal the defendant very properly returned the money to his principal from whom he had received it. Having done so after the plaintiff by his conduct had indicated that he did not intend to claim it, the defendant is not liable in this action. *McKeen* v. *Boothby*, 129 Me., 324, 152 A., 53.

*Exception sustained.*