Dyar Sales & Machinery Company *vs.* Vito Mininni.

York.      Opinion, June 15, 1933.

*Connolly and Welch*, for plaintiff.
*Joseph R. Paquin*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.     This action, in which exceptions were noted and allowed, was assumpsit, by a corporation, on account annexed to the writ. To establish plaintiff's main case, counsel offered in evidence the affidavit of its secretary. R. S., Chap. 96, Sec. 129.

The statute making *ex parte* affidavits permissible in proof is in these words:

"In all actions brought on an itemized account annexed to the writ, the affidavit of the plaintiff, made before a notary public using a seal, that the account on which the action is brought is a

true statement of the indebtedness existing between the parties to the suit with all proper credits given, and that the prices or items charged therein are just and reasonable, shall be prima facie evidence of the truth of the statement made in such affidavit, and shall entitle the plaintiff to the judgment, unless rebutted by competent and sufficient evidence. When the plaintiff is a corporation, the affidavit may be made by its president, secretary or treasurer. If the said affidavit be made before a notary public using a seal without the state, his authority as a notary public to act and to administer an oath shall be certified thereto and the genuineness of his signature certified by a clerk of a court of record or by a deputy .or assistant clerk of the same and have the seal of said court attached thereto."

Defendant seasonably objected to the admission of the affidavit, on the grounds (1) that the account annexed to the writ is not itemized; (2) that, having been sworn without the State, i.e., in Massachusetts, there is no accompanying certificate of a court clerk, sufficiently verifying the genuineness of the signature of the magistrate before whom the affidavit purports to have been made.

Whether the affidavit was admissible was a question for the court. If admissible, probative force would be for the jury. *Mansfield* v. *Gushee*, 120 Me., 333, 114 A., 296; *Fishing Gazette Pub. Co., Inc.* v. *Beale & Gannett Co.*, 124 Me., 278, 127 A., 904.

The trial judge, on striking out certain debits, ruled that the account itemized the rest. The defendant saved the point. That the authentication of the magistrate's signature conformed to statutory requirement was also ruled. This point, too, was saved.

The affidavit, being allowed, was introduced in evidence. Plaintiff then rested.

Motions by the defense, to withdraw a plea of recoupment, and to direct a verdict for the defendant, were overruled. Exceptions were taken. These exceptions are without merit. The first motion was addressed to judicial discretion. *Barden* v. *Douglass*, 71 Me., 400. To the decisions of a judge, in matters of discretion, exceptions do not lie. *Moody* v. *Hinkley*, 34 Me., 200. The second motion was premature. At the trial of a civil action, a motion for a directed verdict comes at the close of all the evidence.

The defense submitted no evidence.

The judge, on ordering a verdict for the plaintiff, allowed the defendant an exception.

These are the debit items in the original account:

| 1931 | June 20 | To Lanterns and Crowbars | $ | 17.31 |
| | July 10 | To Lantern Globes | | 3.50 |
| | Nov. 2 | To 2 — Plows | | 1,170.00 |
| | Dec. 10 | To Plow Repairs as ordered | | 3.75 |
| | Dec. 18 | To Blades | | 20.00 |
| 1932 | Feb. 10 | To Merchandise ordered | | 36.40 |
| | Feb. 10 | To Blade | | 11.50 |
| | Feb. 10 | To Plow Repairs as ordered | | 18.00 |
| | | | | $1,280.46 |

Those stricken out were (beginning at the top) the first, fourth, sixth, and eighth.

The word "itemized" exacts specific narration. A general charge, such as "repairs as ordered" is too indefinite. The exception is sustained.

The next exception goes to the admissibility of the affidavit.

Affidavits made outside Maine, for use in Maine, are not receivable in evidence unless there be authentication of the signature of the attesting officers. The statute provides the exclusive method. R. S., *supra*.

An *ex-parte* affidavit differs from a deposition in that the adverse party does not have notice or opportunity to cross-examine. To raise such an affidavit to the plane of evidence, strict compliance with legislative prescription is indispensable.

In the case at bar, a clerk of a Massachusetts court of record certifies that he is well acquainted with the handwriting of the subscribing notary "and verily believes that the signature to the said proof or acknowledgment is genuine." The clerk does not certify directly to the fact of genuineness. Certification is confined to his belief.

In equity pleading, an allegation upon belief does not allege facts. *Bailey* v. *Worster*, 103 Me., 170, 68 A., 698. The certification by the clerk of his belief that the notarial signature is genuine, though it states the reason for such belief, is not explicit in

character. To be effectual, the certificate should recite, as a fact, the genuineness of the signature.

This exception is sustained.

The further exception of utter want of evidential basis for a plaintiff verdict now presents:

What the affiant swears is that the account correctly states the debits, and that, all credits deducted, the balance there shown is due and unpaid. The oath supports the account as it appears, in completeness, in the writ. That oath never was intended to support an amended account, asserting a different debt situation. A dictum suggesting this will be found in *Sawyer* v. *Hillgrove*, 128 Me., 230, 237, 146 A., 705. The exception is good.

*Exceptions sustained.*