MANOOG MUGERDICHIAN *vs.* GEORGE GOUDALION.

York.  Opinion, August 3, 1936.

*Armstrong & Spill,* for plaintiff.
*Arthur J. Lesieur,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    Did plaintiff, on the trial of his action of assumpsit on account annexed, to recover money loaned, by the introduction, in conformity with Revised Statutes, Chapter 96, Section 129, as amended by 1935 Laws, Chapter 138, of his own verifying affidavit, absent objection, with no proof independent, make out a case, which could properly be found to entitle him to a recovery? The answer is Yes.

The account annexed to the writ reads as follows:

"Biddeford, Maine
May 28, 1934

George Goudalion
   To: Manoog Mugerdichian, Dr.

| | |
|---|---:|
| To money loaned June 1 — 1930 | $100.00 |
| Received on account | 5.00 |
| | ———— |
| Balance | $ 95.00" |

The declaration also comprised a count commonly called an omnibus count, combining all the money counts with one for goods sold and delivered and work and labor, but this count was not relied on.

The statute provides in part:

"In all actions brought on an itemized account annexed to the writ, the affidavit of the plaintiff, made before a notary public using a seal, that the account on which the action is brought is a true statement of the indebtedness existing between the parties to the suit with all proper credits given, and that the prices or items charged therein are just and reasonable, shall be prima facie evidence of the truth of the statement made in such affidavit, and shall entitle the plaintiff to the judgment, unless rebutted by competent and sufficient evidence." R. S., *supra*.

Its further words are not of present relation.

The statute prescribes a rule of evidence; it puts itemized accounts into an evidential class of their own, without creating a

change in the substantive law. *Mansfield* v. *Gushee*, 120 Me., 333, 114 A., 296; *Hamilton Brown Shoe Company* v. *McCurdy*, 124 Me., 111, 126 A., 377.

In the Biddeford Municipal Court, where this action was begun, judgment went for plaintiff; thereupon defendant made an appeal to the Superior Court. That court referred the case. The referee left to the court of his appointment, decision as to admissibility, with respect to the form of action, of the affidavit offered in evidence.

Counsel mutually assenting, the court struck off the reference; and, plea of the general issue having been filed, and joined, the case was set for hearing anew.

A jury was waived, and trial was by the judge.

The affidavit was ruled competent, and, without remonstrance, admitted. Upon that, plaintiff rested.

Defendant produced no evidence. He rested; and argued for, but did not gain judgment. Decision was favorable to plaintiff.

The primary idea of the word "account" is some matter of debt and credit, or demand in the nature of debt and credit, between parties. The term implies that one is responsible to another for moneys or other things. *Whitwell* v. *Willard*, 1 Met., 216, 218.

An "itemized account" is a detailed statement of items of debt and credit arising on the score of contract. *Turgeon* v. *Cote*, 88 Me., 108, 33 A., 787. "Itemized" requires specific statement. *Dyar Sales, etc., Co.* v. *Mininni*, 132 Me., 79, 166 A., 620.

Practice and authority have long sanctioned the account annexed as a simpler and more direct mode of declaring than the money counts for which it is substitute. *Cape Elizabeth* v. *Lombard*, 70 Me., 396. See, also, *Elm City Club* v. *Howes*, 92 Me., 211, 42 A., 392; *Levee* v. *Mardin*, 126 Me., 133, 136 A., 696.

Whether the affidavit was permissible was a question of law. *Dyar Sales, etc., Co.* v. *Mininni*, supra. Allowed, probative force was determinable by the trier of the facts. *Mansfield* v. *Gushee*, supra; *Fishing Gazette Publishing Co., Inc.* v. *Beale & Gannett Company*, 124 Me., 278, 127 A., 904; *Dyar Sales, etc., Co.* v. *Mininni*, supra.

The affidavit was prima facie evidence; it was sufficient to raise a presumption of fact, or establish the fact in question unless re-

293

butted. *Foss* v. *McRae*, 105 Me., 140, 73 A., 827 ; *Kelly* v. *Jackson*, 6 Pet., 622, 8 Law ed., 523 ; *Troy* v. *Evans*, 97 U. S., 1, 24 Law ed., 941.

The conclusion below was justified.

The cases of *McCamant* v. *Batsell*, 59 Tex., 363, and *Saylor* v. *Hawes*, 30 Ariz., 197, 245 P., 354, cited by defendant, while applicable, are not controlling.

*Exception overruled.*