**BRUNSWICK ARTESIAN WELL CO.**

v.

**David I. HUTCHINSON.**

Supreme Judicial Court of Maine.

Argued Sept. 5, 1980.

Decided Oct. 14, 1980.

Fitzgerald, Donovan, Conley & Day, John J. Sears (orally), John Moncure, Bath, for plaintiff.

John L. Hamilton, New Gloucester (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

ROBERTS, Justice.

After trial in the District Court, Brunswick, judgment for $1,954 was entered against David I. Hutchinson in favor of Brunswick Artesian Well Co. The Superior Court affirmed the judgment. On appeal to this court Hutchinson asserts that the trial court erred in denying his motion to dismiss under M.D.C.Civ.R. 12(b)(6) and in admitting in evidence an affidavit purporting to establish a prima facie case under 16 M.R.S.A. § 355. We reverse the decision of the Superior Court and remand with direction to vacate the District Court judgment.

### I. *Motion to Dismiss*

The complaint herein follows Form 4, M.R.Civ.P. Appendix of Forms, Complaint on an Account Annexed. Hutchinson contends that the statement attached is not an itemized account and is therefore insufficient to state a claim upon which relief can be granted.

██ A common sense reading of the statement bearing the logo of Brunswick Artesian Well Co. reveals that after a partial payment of $1,000 on August 19, 1977, a balance of $1,954 is due for the drilling of a well on Hacker Road, Brunswick, for Hutchinson. We need not determine for present purposes whether the statement is sufficient to support the use of an affidavit under section 355. All that is required under M.D.C.Civ.R. 8 is "a short and plain statement of the claim showing that the pleader is entitled to relief." Construing the rules, as we must under M.D.C.Civ.R. 1, "to secure the just, speedy and inexpensive determination" of the action, we find no error in the denial of Hutchinson's motion to dismiss.

### II. *Admission of the Affidavit*

██ At trial in the District Court, Brunswick elected to prove its case in chief by submitting an affidavit purporting to comply with 16 M.R.S.A. § 355 (Supp. 1980).[1] The affidavit was admitted over Hutchinson's objections and Brunswick rested its case. Following the denial of his motion to dismiss for insufficiency of the evidence, Hutchinson submitted evidence in defense. The District Court's written opinion included, *inter alia*, a finding that "[t]he Defendant has not introduced sufficient evidence to rebut any of the material facts stated in Plaintiff's Affidavit."

We observe at the outset that the use of section 355 is fraught with danger, especially when, as here, the plaintiff uses the device to avoid presenting its relatively simple case in chief. The affidavit consists

---

1. 16 M.R.S.A. § 355 (Supp. 1980) reads as follows:

   In all actions brought on an itemized account annexed to the complaint, the affidavit of the plaintiff, made before a notary public using a seal, that the account on which the action is brought is a true statement of the indebtedness existing between the parties to the action with all proper credits given and that the prices or items charged therein are just and reasonable shall be prima facie evidence of the truth of the statement made in such affidavit and shall entitle the plaintiff to the judgment unless rebutted by competent and sufficient evidence. When the plaintiff is a corporation, the affidavit may be made by its president, vice president, secretary or treasurer.

merely of a narrative that Brunswick performed its contract to drill a well for Hutchinson and omits facts necessary for determining the balance due. The affidavit states the agreed price per foot, but it fails to state the actual number of feet drilled and feet of casing used from which the amount due could be computed. The affidavit contains no statement "that the account on which the action is brought is a true statement of the indebtedness existing between the parties ... with all proper credits given ...." Nor is there any affirmation that "the prices or items charged therein are just and reasonable." The affidavit was not admissible under section 355 and consequently could not establish a prima facie case so as to entitle Brunswick to judgment unless rebutted.

On appeal, the Superior Court apparently assumed the insufficiency of the affidavit but held that Hutchinson had waived his objections by presenting evidence. We might be inclined to agree if sufficiency of the evidence were the only problem. In addition to admitting the affidavit as evidence, however, the District Court shifted the burden of proof to Hutchinson.

The District Court finding quoted above clearly indicates that the court imposed on Hutchinson the burden of introducing sufficient evidence to rebut the affidavit, thus giving the affidavit prima facie effect. This was error. Despite the suggestion that admission of the affidavit was not prejudicial because other evidence sustained Brunswick's case, we cannot conclude that shifting the burden of proof was harmless error. We must, therefore, order the judgment vacated and afford Hutchinson an opportunity for a new trial.[2]

The entry is:

Order affirming judgment vacated.

Remanded to the Superior Court with instructions to vacate the judgment of the District Court and remand for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** Since the issue was neither briefed nor argued, we indicate by our decision herein no opinion as to whether 16 M.R.S.A. § 355 survives the adoption of the Maine Rules of Evidence. That question may have to be addressed upon a new trial, if the plaintiff again attempts to use the statutory procedure.