STATE OF MAINE                                          SUPERIOR COURT
WASHINGTON, SS.                                         CIVIL ACTION
                                                        Doc. No.    CV-00-012
                                                        JLH -WAS-8/31/2000

                                                        DONALD L. GARBRECHT
                                                        LAW LIBRARY

TREASURES OF THE SEA, INC.,                             SEP 7 2000

                        Plaintiff

                                                        **ORDER ON MOTION FOR**
        vs.                                             **SUMMARY JUDGMENT**

G. DENNIS JOHNSON

                        Defendant


        This matter is before the court on the motion of the plaintiff for

summary judgment on its complaint for monies had and received (Count I),

account annexed (Count II) and breach of contract (Count III).

## FACTUAL STATEMENT

        The plaintiff asserts in its unopposed Statement of Uncontested Facts

(hereinafter "R.") that it is owed $43,439.64 by the defendant "for monies

had and received" and for business services provided from October 2, 1999

to December 22, 1999.  R. at ¶ 1.  In support of this claim, the plaintiff

relies on "invoices" attached "as Exhibit A" to the underlined affidavit of its

president, Franciso Velez.[1]  *Id*; *see also* Affidavit at ¶ 2.  Although the

affidavit suggests that there are two or more attached documents, there is in

---

[1]Although the affidavit is undated, it does recite that the information is
determined "[a]s of June 26, 2000".  *See* Affidavit at ¶ 6.

1

fact only one. It is not labelled "Exhibit A" and does not appear to be an invoice. Rather, it is styled a "Reconciliation of Cash" and presents an ambiguous chronological listing of eleven debit memos and checks for a few specified (e.g., "Rent & Power Reimb", "Rent") and several unspecified purposes.[2] It also includes a chronological listing of eight checks relating to the purchase of scallops[3] and lists six wire transfers for scallops sold.[4] Finally, it includes a "Profit" category which appears to represent the plaintiff's characterization of what a conservative "profit should be".

The plaintiff also asserts that it entered into a contract with the defendant on or about October 2, 1999, to loan him monies. In return, the defendant agreed "to pay the Plaintiff's usual and customary charges for such monies <u>and services</u>". R. at ¶ 2 (emphasis added). The unopposed facts do not disclose how much money was loaned under the contract or what the "usual and customary charges" were. Further, there is no evidence that the plaintiff contracted to provide any "services". Even if that is somehow implied, there is no indication of what those services were or what they were worth.

## DISCUSSION

Summary judgment will be granted only if the evidence demonstrates

---

[2]Of these Debit Memos and Checks, two refer to the defendant, three to the "Johnsons" (presumably the defendant and "Cindy Johnson") and most to neither of them.

[3]Of these checks, two refer to the defendant, one to "Cindy Johnson" and the remainder to neither of them.

[4]Each of these wire transfers only refers to "Pier 7". However, it is not clear whether this relates to the defendant, Cindy Johnson or some other entity.

2

that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Denman v. Peoples Heritage Bank, Inc.*, 1998 ME 12, ¶3, 704 A.2D 411, 413. When a court rules on a motion for a summary judgment, it is to consider only (1) the portions of the record referred to in the Rule 7(d) statements and (2) the material facts contained in those statements. *Gagnon's Hardware & Furn., Inc. v. Michaud,* 1998 ME 265, ¶ 5, 721 A.2d 193, 194. The court may deem facts admitted from the statement of material facts accompanying the motion for a summary judgment if they are not properly controverted pursuant to M.R. Civ. P. 7(d)(2). *Panasonic,* 1997 ME 43, ¶ 10, 691 A.2d at 194 (citing *Casco N. Bank, N.A. v. Edwards,* 640 A.2d 213, 215 (Me. 1994)). The defendant did not file any response to the motion and, accordingly, the facts set forth in the plaintiffs' Statement of Material Facts are deemed admitted by him. M.R. Civ. P. 7(d)(2).

Since there is no genuine issue of material fact, the decision of whether to grant summary judgment turns on whether the plaintiff is entitled to judgment as a matter of law. Because the plaintiff would bear the burden of proof at trial, it must have presented evidence sufficient to resist a motion for a directed verdict if it produced nothing more at trial. *See Keyes Fibre Company v. Lamarre,* 617 A.2d 213, 214 (Me. 1992).

## A. **Monies Had and Received (Count I)**

An action for monies had and received is proper when "one has in his possession money in equity and good conscience belonging to another." *Ketch v. Smith,* 161 A. 300, 300 (Me. 1932). *See also Chapman v. Board of*

3

*County Commissioners*, 107 U.S. 348, 356 (1883). Privity of contract is not required. *See Lewis v. Sawyer*, 44 Me. 332 (1857). To maintain such an action, the plaintiff must prove the receipt of the money by the defendant and prove that it was received to plaintiff's use, that is, plaintiff's title to it. *See Titcomb v. Powers*, 80 A. 851 (Me. 1911). The Company has not proven that the defendant received all of the money claimed to be owed. Under "Issue #1" of the "Reconciliation of Cash", most of the checks and debit memos do not specify whether the amounts were received by the defendant or Cindy Johnson or both. "Issue #2" of the "Reconciliation of Cash" lists eight checks. Of these, only two were made out to the defendant; five were made out to cash with no specification as to the recipient; and one was made out to Cindy Johnson. The obvious inference from these uncontroverted facts, viewed in the light most favorable to the nonmoving party, is that the defendant did not receive all or most of the funds claimed to be owed.

Accordingly, the plaintiff has not presented evidence sufficient to resist a directed verdict if it produced nothing more at trial and it is not entitled to summary judgment on Count I.

**B. Account Annexed (Count II)**

An account is some matter of debt and credit and implies that one is responsible to another for money. *See Mugerdichian v. Goudalion*, 186 A. 611, 612 (Me. 1936). An itemized account must be a detailed and specific statement of items of debt and credit. *See id.*

An action brought on an itemized account annexed to the complaint

4

may be supported by an affidavit of the plaintiff that the account is a true statement of the defendant's indebtedness, that all proper credits have been given and that the prices or items charged in the account are just and reasonable. 16 M.R.S.A. § 355 (1999). Such an affidavit is *prima facie* evidence of the truth of the statement made in the affidavit and entitles a plaintiff to judgment unless statements in the affidavit are rebutted by competent and sufficient evidence. *Id. See also Cianchette v. Hanson*, 123 A.2d 772 (Me. 1956). The affidavit of Francisco Velez does not meets this standard and, therefore, is not *prima facie* evidence of the truth of the statements contained therein. *See Brunswick Artesian Well Co. v. Hutchinson*, 420 A.2d 1227, 1229 (Me. 1980). The attached "Reconciliation of Cash", although detailed and specific, does not fairly imply that the defendant is responsible to the plaintiff for all of the specified amounts. Accordingly, the plaintiff has not presented evidence sufficient to resist a directed verdict if it produced nothing more at trial and it is not entitled to summary judgment on Count II.

## C. **Breach of Contract (Count III)**

To establish a binding agreement between two parties, "the mutual assent to be bound by all its material terms must be reflected and manifested either expressly or impliedly in the contract and the contract must be sufficiently definite to enable a court to determine its exact meaning and fix any legal liability of the parties." *Smile, Inc. v. Moosehead Sanitary District*, 649 A.2d 1103, 1105 (Me. 1994). *See also June Roberts Agency, Inc. v. Venture Properties, Inc.*, 676 A.2d 46, 48 (Me. 1996). The

5

plaintiff, as the party seeking to enforce the contract, bears the burden of establishing its existence. *See id.*

According to the unopposed record evidence, on or about October 2, 1999, the parties entered into a contract. The plaintiff agreed to loan money to the defendant and he in turn agreed to pay the plaintiff's usual and customary charges for such money. The defendant also agreed to pay usual and customary charges for services rendered by the plaintiff. However, there is no evidence that the plaintiff agreed to provide any services or, if it did, what those services were.[5]

Although the defendant has not denied the existence of a contract between himself and the plaintiff, the unopposed facts are not sufficient to enable the court to determine its exact meaning or to fix the legal liability of the defendant. The evidence suggests that the contract was an implied one based upon a course of dealing between the parties. As such, the court must exercise extreme caution when deciding whether to grant summary judgment.

> "We find it difficult to imagine a real-life situation in which a 'course of dealing' between the parties can upon motion for summary judgment be properly postured to eliminate issues of fact. An evidentiary exploration of the 'course of dealing' must necessarily involve all communications written and oral as well as the action of the parties in reliance thereon."

*Wallingford v. Butcher*, 413 A.2d 162, 165 (Me. 1980). Accordingly, the plaintiff is not entitled to summary judgment on Count III.

---

[5]The "Reconciliation of Cash", so-called, does not refer to any indebtedness for services rendered by the plaintiff. It only categorizes amounts for "Checks and Debit Memo" items that presumably relate to the loan and amounts for scallops bought and sold.

6

## D. Conclusion

Based on all of the foregoing, it is ORDERED that the plaintiff's motion for summary judgment is DENIED as to all counts of the complaint.

Pursuant to Rule 79(a) M.R.Civ.P., the Clerk is directed to enter this Order on Motion for Summary Judgment on the Civil Docket by a notation incorporating it by reference.

Dated: August 31, 2000

_____
Justice, Superior Court

FILED AND ENTERED
ATTEST
AUG 3 1 2000
MARILYN E. BRALEY Clerk

7

Date Filed __03/23/00__  __Washington__  Docket No. __Cv-00-012__
                           County

Action __Contract__

GERALD L. GARBRECHT
LAW LIBRARY

SEP 7 2000

Treasures of the Sea, Inc.          vs.  G. Dennis Johnson

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| Brett D. Baber, Esq.   Bar # 3143<br>Rudman & Winchell<br>P.O. Box 1401<br>Bangor, Maine 04402-1401 | G. Dennis Johnson<br>Pro Se<br>118 Smithville Road<br>Steuben, Maine 04680 |

Date of
Entry