2007 ME 109

**Marie E. ROBERTS**

v.

**Edwin F. ROBERTS Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 13, 2007.
Decided: Aug. 14, 2007.

---

Stephen Collier, Sandra Hylander Collier Law Offices, Ellsworth, for plaintiff.

John Churchill, Charles Rudelitch, Calais, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, SILVER, and MEAD, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, CALKINS, SILVER, and MEAD, JJ.

Dissent: ALEXANDER, J.

SAUFLEY, C.J.

[¶ 1] Marie E. Roberts appeals from a judgment entered in the District Court (Calais, *Romei, J.*) granting her a divorce from Edwin F. Roberts Jr. Additionally, Marie contends that the court abused its discretion in denying, as moot, her motion for further findings of fact and conclusions of law. Marie filed her motion pursuant to M.R. Civ. P. 52(b) after the court orally announced its findings from the bench, but *before* the court issued a written judgment. We take this opportunity to address the status of judicial findings and conclusions that have been announced orally from the bench, when no written judgment has yet issued. After clarifying that status, we remand the matter to allow Marie an opportunity to seek findings of fact and conclusions of law pursuant to Rule 52(b). We do not reach Marie's contentions regarding the substance of the judgment because the judgment may be affected by the court's actions on remand.

## I. BACKGROUND

[¶ 2] Marie E. Roberts and Edwin F. Roberts Jr. were married on June 5, 1983. Marie filed a complaint for divorce on July 18, 2005, after twenty-two years of marriage. There are no children of the marriage. Before trial, the parties agreed to a division of much of their personal property. The matters in dispute at the trial included the distribution of retirement accounts and other financial assets, the payment of spousal support, and other related matters such as health insurance and attorney fees. At trial, the parties offered testimony regarding their employment histories, their health circumstances, and the value of the marital and nonmarital property.

[¶ 3] At the end of the trial, and on the record, the court announced from the bench its findings and conclusions, and it directed that Marie's attorney draft a divorce judgment consistent with its announced findings. *See Jarvis v. Jarvis,* 2003 ME 53, ¶ 14 n. 1, 832 A.2d 775, 778–79. The court articulated findings that would (1) divide the parties' tangible personal property according to the parties' agreement; (2) award Marie thirty percent, i.e., one-half of the marital interest, of Edwin's retirement accounts; (3) order Edwin to pay Marie $35,000 in cash; (4) award Marie transitional spousal support in the amount of $10,000 per year for five years, to be made in monthly payments; (5) require Edwin to pay for Marie's health insurance through COBRA for as long as COBRA allows—roughly two or three years; and (6) require Edwin to pay Marie's attorney fees.

[¶ 4] Three days after the court announced its preliminary decision from the bench, but before the court entered a written judgment, Marie filed a motion for further findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(b). In her motion, Marie proposed that the court make additional findings regarding the length of the parties' marriage; the parties' work histories; the parties' ages and incomes; the value of Edwin's nonmarital real estate; Edwin's failure to document the value of his nonmarital assets, including the value of Edwin's beneficial interest in a family trust; each party's health condition; Marie's contributions as the primary homemaker during the marriage; and Marie's limited ability to work due to health problems. Marie asked the court to award her general spousal support of $575 per week, based on the proposed additional findings.

[¶ 5] Marie's attorney also drafted a divorce judgment as the court had requested. The court entered the written judgment, which was consistent with the findings it had stated on the record. Additionally, the court denied Marie's motion for findings of fact and conclusions of law as moot. Marie timely appealed from the court's judgment and the denial of her motion.

## II. DISCUSSION

[¶ 6] Marie argues that the court erred in denying her motion for further findings of fact and conclusions of law. Although we review a ruling on the substance of a Rule 52(b) motion for an abuse of discretion, *see Sewall v. Saritvanich,* 1999 ME 46, ¶¶ 9–10, 726 A.2d 224, 226, the question of whether the motion was moot is a question of law, *see, e.g., State v. Dhuy,* 2003 ME 75, ¶¶ 6–7, 825 A.2d 336, 340. We review questions of law de novo. *Viles v. Town of Embden,* 2006 ME 107, ¶ 10, 905 A.2d 298, 301.

[¶ 7] Rule 52(b) of the Maine Rules of Civil Procedure provides a mechanism by which a party may move a trial court to make additional factual findings

and amend its judgment in accordance with those findings:

> The court may, upon motion of a party made not later than 10 days *after notice of findings made by the court,* amend its findings or make additional findings and, if judgment has been entered, may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

(Emphasis added.) As the rule states, a party must make a motion for further findings of fact and conclusions of law within ten days after notice of the court's findings. It is possible that Rule 52(b), when read in isolation, could be interpreted to require that a motion for findings be made as soon as the court has issued oral findings from the bench. A trial court's final findings of fact, however, are not made until the court signs a judgment or enters it in the docket:

> The notation of a judgment in the civil docket in accordance with Rule 79(a)[1] constitutes the entry of the judgment. *Any judgment or other order of the court is effective and enforceable upon signature by the court, or if not signed by the court, then upon entry of the judgment in the civil docket.*

M.R. Civ. P. 58 (emphasis and footnote added). The policy contained in Rule 58, making a judgment effective only upon the signature of the court or docketing of the judgment, is a wise one. There will be many occasions when a court presents its findings and conclusions orally to the par-ties or to counsel at the conclusion of a proceeding. Rule 58 makes it clear that when a court states its factual findings from the bench, whether it directs a party to draft the judgment or indicates that the court itself will enter its written judgment in the future, the court's findings of fact have not yet been finally entered. Rather, through its written judgment, the court may augment, adjust, correct, or change the findings it previously stated on the record from the bench.[2]

[¶ 8] Accordingly, by applying the provisions of Rule 58 and those of Rule 52(b), we conclude in this matter that the court's announcement of findings and conclusions from the bench did not trigger the application of Rule 52(b).[3] Thus, because the court's findings had not yet been made for purposes of Rule 52(b) when Marie filed her motion for further findings of fact and conclusions of law, it is understandable that the court regarded her motion as moot when it entered its written judgment and denied the motion. In these circumstances, however, the correct response would have been to dismiss the motion as premature and allow Marie to file a proper motion, if she wished to do so, after the judgment was entered. *See Boynton v. Adams,* 331 A.2d 370, 373 n. 2 (Me.1975) (affirming the trial court's denial of a motion for relief from judgment as premature because it was filed before the judgment was entered); *cf. Dyar Sales & Mach. Co. v. Mininni,* 132 Me. 79, 81, 166 A. 620, 621 (1933) (affirming the denial of a motion for a directed verdict that was prematurely

---

1. Maine Rule of Civil Procedure 79(a) provides that "the [civil docket] notation of an order or judgment may consist of an incorporation by reference of a designated order, judgment, opinion or other document filed with the clerk by the court, provided that the notation shows that it is made at the specific direction of the court."

2. Those oral findings may also be made final by the entry of a written judgment that incorporates by reference the findings made on the record.

3. Nothing herein should be understood to prevent the parties from assisting the court by providing additional proposed findings or clarifying record references before the entry of judgment, if allowed by the court.

raised before the close of all the trial evidence).

[¶ 9] Because the motion was deemed moot without further comment, and because we have not previously been called upon to clarify the application of Rule 52(b) when a trial judge announces oral findings from the bench, Marie may have been unaware that the problem with her motion lay in its timing. In these circumstances, she elected to appeal from the judgment rather than renew her motion for findings within ten days after the entry of the judgment. In the interest of fairness, and to ensure that the court has an opportunity to address Marie's motion, we remand for the court to enter a dismissal of the prematurely filed motion and to provide Marie an opportunity to file a post-judgment motion for additional findings of fact and conclusions of law pursuant to Rule 52(b). For the purposes of applying Rule 52(b), the ten days available for filing the motion shall run from the date of the docketed return of the file to the District Court.

[¶ 10] Upon Marie's motion, the trial court shall review Marie's proposed additional findings and determine, in its discretion, whether to enter further findings or amend its judgment.[4]

The entry is:

The determination that Marie's motion pursuant to M.R. Civ. P. 52(b) was moot is vacated, and the matter is remanded for dismissal of the motion as premature and for further proceedings consistent with this opinion.

ALEXANDER, J., dissenting.

[¶ 11] I respectfully dissent. The record in this case includes a judgment by the court with findings sufficient to inform the parties and our appellate review of the factual and legal basis for the trial court's decision on all critical issues. *See Dargie v. Dargie*, 2001 ME 127, ¶ 2, 778 A.2d 353, 355 (trial court has a duty to make findings sufficient to inform the parties of the reasoning underlying its conclusions and to provide for effective appellate review). If findings are sufficient to permit reasoned appellate review, a party is not entitled to further findings to address its theory of the case or explain the trial court's rationale for reaching its result. *Id.* ¶ 3, 778 A.2d at 355; *State v. Greenleaf*, 2004 ME 149, ¶ 29, 863 A.2d 877, 883.

[¶ 12] Marie's brief complains that the court did not make findings in several areas in which she requested findings: (1) whether she was the "primary homemaker" during the marriage; (2) the value of two items of nonmarital property, Edwin's 50% share in a Florida Condominium and his anticipated share of and income from his mother's estate; (3) each party's health and work capacity; and (4) the present income and expenses of each party. Marie contends that findings on these points are essential to permit review of the decisions to equally divide the marital property and to award transitional, but not permanent, spousal support.

[¶ 13] Considering the findings the court did make, findings on none of these points is essential to inform our appellate review. To resolve the permanent spousal support issue, the court found that the "Plaintiff is essentially in a much better position today than when she married the Defendant." The court went on to find that Marie had not given up her career for the marriage or to raise children, and that "she has

---

4. For instance, the court may issue further findings relevant to spousal support, such as the value of each party's nonmarital property, the parties' projected sources of income, and each party's earning capacity. *See* 19-A M.R.S. § 951-A (2006).

given up a career for her own purposes which is her privilege." Regarding property division, the court found that "the defendant made a greater contribution to the marital assets," but that the marital property was largely acquired "because of the benevolence of the defendant's family." These findings were essentially adverse to Marie's claim of meaningful contribution to the value of the marital estate through her role as a homemaker.

[¶ 14] The parties agreed on the non-marital property that would be set-aside to Edwin. There is no dispute that the value of that property was substantial—over one million dollars. With this amount of value undisputed, there was no need for the court to specify precise values to decide the marital property division and permanent spousal support issues. In fact, precise valuation would have been impossible. Edwin's mother had died just three and one-half months before the hearing. The value of the shares of any of the heirs of her estate could not be established as of the hearing date.

[¶ 15] Finally, the decision to award transitional spousal support necessarily includes determinations that (1) Marie's present income and assets are insufficient to meet her needs; (2) she needs assistance, support, and education to return to gainful employment; and (3) with such aids, she ultimately can earn income at an appropriate level. With these determinations, the separate findings sought regarding present income and expenses, health, and work capacity were not essential to inform our appellate review. Thus, under our precedents, if Marie had made a timely request for the findings addressed in her brief, the court could properly have denied the request based on the findings stated in the final divorce judgment. Accordingly, even if the Court is correct that the requested findings should be resubmitted, the result would be the same. Any error by the trial court in stating that the request for findings was moot, rather than simply denying the request for findings, is harmless. M.R. Civ. P. 61.

[¶ 16] The Court's opinion sidesteps the substantive flaws in the requested findings and, instead, addresses the procedural flaw in the way the request for findings was presented, but not preserved. The court's findings include those stated on the record on August 1, 2006, and the findings stated in the court's written order of October 24, 2006, entered after Marie had requested findings. If Marie wanted additional findings after entry of the judgment, she should have requested those findings in accordance with M.R. Civ. P. 52(b). Rule 52(b) is not ambiguous. Once a judgment has been entered, findings may be requested within ten days after notice of the judgment. Such findings may be requested even if, as is often the case, a party has previously made a request for findings during or after a hearing.

[¶ 17] Instead of requesting findings, as was her right, Marie brought this appeal directly. In the past, we have said that we will not permit a party to skip over a necessary process in the trial court to bring an appeal challenging a trial court action they do not like, rather than giving the trial court an opportunity to address the issues the party wishes to appeal. *See Jim Mitchell & Jed Davis P.A. v. Lavigne*, 2001 ME 67, ¶ 4–6, 770 A.2d 109, 110 (dismissing appeal from grant of an ex parte attachment order because defendant failed to exhaust judicial remedies by not first seeking trial court dissolution of the attachment).

[¶ 18] Here, the Court does not reach the merits in a case where the trial court has entered findings and a party has neglected to file a request for additional findings pursuant to clearly established di-

rection in M.R. Civ. P. 52(b). Instead, the Court excuses Marie's neglect to follow proper procedure and gives her a second bite at the apple. That second bite at the apple is particularly inappropriate in this case because the findings that Marie had requested were not essential for clarification of the judgment or for reasoned appellate review. As we said in *Dargie*, 2001 ME 127, ¶¶ 2–3, 778 A.2d at 355, when there are requests for findings, the trial court is not required to adopt whatever findings are requested. Instead, the trial court may adopt findings contrary to those requested, or it may determine, as the trial court determined here, that it had already made findings on all essential issues, in which case, no further findings are required. *See Sewall v. Saritvanich*, 1999 ME 46, ¶ 10, 726 A.2d 224, 226; *Peters v. Peters*, 1997 ME 134, ¶ 12, 697 A.2d 1254, 1258.

[¶ 19] Marie should not be given yet another chance to request more findings when she failed to make a timely request for findings after judgment and when the findings she indicates she would request are either covered by the judgment or are not essential to the judgment and, as such, will not require affirmative action by the trial court.

[¶ 20] Because the record fully supports the court's findings and because the types of findings that Marie has indicated she would request would not affect the court's judgment on those issues that were contested in the divorce, I would hold that the court's treatment of Marie's request for findings as moot should be construed as a denial of her request for findings. So construed, I would affirm the judgment.