ENTERED AUG 0 1 2014

STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
AUGUSTA
DOCKET NO. AP-13-44
REM-KEN-07-22-14

JASON BOUCHARD,
    petitioner

v.

**DECISION AND ORDER**

COMMISSIONER, MAINE
DEPARTMENT OF PUBLIC SAFETY,
    respondent

       This matter came before the undersigned on June 27th, 2014 with respect to petitioner's request, pursuant to M.R.Civ.P. 80C, for judicial review of respondent's denial of petitioner's application for a "Black Powder Permit" that requires that petitioner obtain a "Permit to Carry a Non-Concealed Firearm by a Prohibited Person" under Title 15 M.R.S. Section 393. After reviewing the record and listening to and reading the arguments of counsel, the undersigned enters the following **Decision and Order** for the reasons set forth below:

*Factual and Procedural Background*

       1.   In 2003, Petitioner was convicted of Theft by Deception (Class C), Misuse of Entrusted Property (Class D), and Theft by Unauthorized Taking (Class B). As a result, pursuant to 15 M.R.S.A. § 393(1)(A-1),[1] he was prohibited

---

[1] 15 M.R.S.A. § 393(1)(A-1) provides as follows:

Possession prohibited. A person may not own, possess or have under that person's control a firearm, unless that person has obtained a permit under this section, if that person:

. . .

A-1. Has been convicted of committing or found not criminally responsible by reason of insanity of committing:

(1) A crime in this State that is punishable by imprisonment for a term of one year or more;

(2) A crime under the laws of the United States that is punishable by imprisonment for a term exceeding one year;

(3) A crime under the laws of any other state that, in accordance with the laws of that jurisdiction, is punishable by a term of imprisonment exceeding one year. This subparagraph does not include a crime under the laws of another state that is classified by the laws of that state as a misdemeanor and is punishable by a term of imprisonment of 2 years or less;

from possessing a firearm. The Superior Court imposed a sentence of nine months on each of Petitioner's felony charges and five days on the misdemeanor charge, all concurrent, with all but twelve days suspended on the felony charges, all suspended on the misdemeanor charges, with four years of probation. Petitioner was also ordered to pay restitution. The sentence was stayed pending appeal. The judgment was affirmed by the Maine Supreme Judicial Court on September 8, 2005. Petitioner completed confinement on October 1, 2005. Pursuant to 15 M.R.S.A. § 393(2), on April 26, 2013, Petitioner submitted an application to the Commissioner for a permit to carry a non-concealed firearm. Section 2 of 15 M.R.S.A. § 393 allows a person who is prohibited from possessing firearms under 15 M.R.S.A. § 393(1)(A-1) to apply for a permit to carry a firearm after the expiration of 5 years from the date the person is finally discharged from the sentence imposed as a result of the convictions.

2. Upon receipt of an application and determination that the application is in proper form, the Commissioner is required to notify within 30 days in writing the sentencing or presiding judge, the Attorney General, the district attorney for the county where the applicant resides, the district attorney for the county where the conviction occurred, the law enforcement agency that investigated the crime, the chief of police and sheriff in the municipality and county where the crime occurred and the chief of police and sheriff in the municipality where the applicant resides as of the filing of the application. 15 M.R.S.A § 393(4).

3. In accordance with the requirements of 15 M.R.S.A § 393(4), the Maine State Police, on behalf of the Commissioner, notified the named law enforcement and prosecutorial officials and the Superior Court of Bouchard's application, requested additional information "relevant to the issuance of this permit," and requested that the noticed persons respond in writing within 30 days of receipt of the notice if there were any objections to the issuance of the permit to Petitioner. Recipients were asked to respond with "underlying reasons" for any objections.

4. The Department of Public Safety received one objection: the Aroostook County District Attorney for the county where Petitioner resides responded on August 26, 2013 as follows:

---

(4) A crime under the laws of any other state that, in accordance with the laws of that jurisdiction, does not come within subparagraph (3) but is elementally substantially similar to a crime in this State that is punishable by a term of imprisonment for one year or more; or
(5) A crime under the laws of the United States, this State or any other state or the Passamaquoddy Tribe or Penobscot Nation in a proceeding in which the prosecuting authority was required to plead and prove that the person committed the crime with the use of:
(a) A firearm against a person; or
(b) Any other dangerous weapon.

Please be advised that pursuant to 15 M.R.S.A. § 393, subparagraph 4, I do object to the issuance of any such permit to Mr. Bouchard. My view is that firearms and a criminal history such as the one earned by Mr. Bouchard should never mix. Please examine the case of Albenie LaFerriere. If you require anything further from me, please let me know. (R. 53.)

5. Section 4(A) of 15 M.R.S.A. § 393 requires the Commissioner to deny an application if, within 30 days of the sending of notice, a person notified objects in writing to the Commissioner regarding the initial issuance of a permit and provides the reason for the objection.[2] Thus, in accordance with 15 M.R.S.A. § 393(4)(A), on October 7, 2013, the Commissioner denied Petitioner's application because of the objection by the Aroostook County District Attorney, the District Attorney for the county where petitioner resides.

6. On November 6, 2013, Petitioner filed a timely Petition for Review of Final Agency Action pursuant to 5 M.R.S.A. §§ 11002-11008, where he asserted that 1) the Commissioner's decision was an abuse of discretion and erroneous as a matter of law because it was based on an objection that is arbitrary, capricious and unsupported by substantial evidence; and 2) the delegation of executive power by 15 M.R.S.A. § 393(4)(A) is invalid and unconstitutional.

*Standard of Review*

7. This appeal is governed by the provisions of 15 M.R.S. Section 393(5) and 5 M.R.S. Sections 11001-11008 and M.R.Civ.P. 80C. Petitioner bears the burden of demonstrating that there is no competent evidence in the record to support the Commissioner's findings and decision. *Seider v. Bd. of Examiners of Psychologists, 762 A.2d 551, 555 (Me. 2000).*

8. Questions of law, such as the constitutionality of a statute, are subject to de novo review. *Roberts v. Roberts, 2007 ME 109.* A strong presumption of constitutionality attaches to all statutes, which will be construed, where possible, to preserve their constitutionality. *Maine Milk producers, Inc. v. Comm'r of Agric., Food & Rural Res. 483 A.2d 1213 (Me. 1984).* Before legislation may be declared in violation of the Constitution, that fact must be established to such a degree of certainty as to leave no room for reasonable doubt. *Orono-Veazie Water Dist. v. Penobscot Cnty. Water Co., 348 A.2d 249 (Me. 1975).*

---

[2] Section (4)(A) provides as follows:

If, within 30 days of the sending of notice, a person notified objects in writing to the commissioner regarding the initial issuance of a permit and provides the reason for the objection, the commissioner may not issue a permit. The reason for the objection must be communicated in writing to the commissioner in order for it to be the sole basis for denial.

. . .

The commissioner may deny any application for a permit even if no objection is filed.

*Discussion*

9. Article I, section 16, of the Maine Constitution provides that: "Every citizen has a right to keep and bear arms; and this right shall never be questioned." However, the Law Court has already addressed the scope of that right and has held that it is not absolute. *See State v. Brown*, 571 A.2d 816, 817 (Me.1990). Rather, it is subject to reasonable regulation consistent with the State's police power to promote public health, welfare, safety, and morality. *Id.* at 820.

10. The Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), lays to rest the argument that the Second Amendment only protects gun rights associated with militia service. But the core individual right *Heller* recognizes—the "right of law-abiding, responsible citizens to use arms in defense of hearth and home," *id.* at 635, 128 S.Ct. 2783—categorically, or at least "presumptively," *id.* at 627 n. 26, 128 S.Ct. 2783, does not extend to felons, *id.* at 626–27, 128 S.Ct. 2783.

11. In fact, the *Heller* Court noted that prohibitions on a felon's right to possess a firearm are in fact "presumptively lawful regulatory measures..." *Id.* at 626.

12. The respondent argues that the Law Court in *Gonzales v. Commissioner, Department of Public Safety, 665 A.2d 681 Me. 1995)* has already resolved petitioner's argument that 15 M.R.S. Section 393(4) is constitutionally flawed because it improperly delegates executive power in violation of Art. III, Section 2 of Maine's Constitution against the petitioner. The petitioner in *Gonzales*, just like Petitioner here, contended that the refusal to issue him a permit pursuant to 15 M.R.S.A. § 393 constituted a violation of the separation of powers clause of Maine's Constitution. The Law Court addressed his argument as follows:

> Art. III, § 2 of Maine's Constitution provides that "[n]o person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the cases herein expressly directed or permitted." Contrary to Gonzales's contention, the Constitution does not explicitly grant to one department of state government the power to grant or deny firearms permits to the exclusion of the others. Thus, the grant or denial of a permit by a person in the Executive Branch, § 393(4), subject to some judicial review, *see* § 393(5), does not violate the separation of powers.

14. Petitioner argues that "some judicial review" should be read as "meaningful judicial review" of any objection to an application by a felon for a permit filed by those persons set out in 15 M.R.S. Section 393(4), and that Section 393 as presently worded gives those persons set out in Section 393(4) the sole and exclusive power to deny a first-time application for a permit by a felon.

4

15. The undersigned finds that the right to carry a firearm does not extend to felons. A felon has no "right" to carry a firearm, nor do they have a "right" to a "permit to use black powder firearms for sporting purposes after an appropriate amount of time has lapsed after their convictions..." as petitioner has argued in his brief. The Legislature has determined that after five years has passed since a felon has been finally discharged from their sentence(s) imposed as a result of their conviction for a felony, the felon may **apply** for a permit to carry a firearm subject to subsection 4 of Section 393. However, the first time a felon applies for a permit various individuals who dealt with the felon's case are required to be notified pursuant to the statute of the request. If any of them object in writing to the application and supply a reason for the objection, no permit may be issued. Any future applications submitted by the felon can be considered by the commissioner, who with respect to subsequent applications shall take into consideration any written objections and reasons given in determining whether to grant a permit, but "need not deny the issuance of a permit based on an objection alone..." 15 M.R.S. Section 393(4)(B).

16. The present case is virtually indistinguishable from the decision of the Law Court in *Gonzales v. Commissioner, Department of Public Safety, supra,* where the Law Court noted that "(H)ere, the Legislature has given to certain named persons the absolute right to object to the issuance of a permit. Each of those persons has some personal knowledge of the applicant or some special concern about the granting of a permit. The District Attorney in the county where Gonzales resides objected. **Accordingly, the Commissioner could not issue the permit...**" *Id. at* (emphasis added).

17. The Law Court in *Gonzales* in a footnote acknowledged that the appellant had not pursued his equal protection claims on appeal. There is no claim of violation of the petitioner's equal protection rights in this matter.

18. For the reasons stated above, the undersigned affirms Respondent's decision to deny Petitioner's request for a permit to carry a non-concealed firearm.

The Clerk is directed to incorporate this Decision and Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: July 22, 2014

BY _____
Robert E. Mullen, Justice
Maine Superior Court

5

Action: Petition for Review    J. Nivison    J. Marden J.Mullen
80C

Jason Bouchard    vs.    Commissioner, Department of Public Safety

Plaintiff's Attorney    Defendant's Attorney

Steven Blackwell, Esq.    Laura Yustak Smith, AAG
133 Broadway    6 State House Station
Bangor, ME  04401    Augusta, ME  04333-0006

Date of Entry

| | |
|---|---|
| 11/13/13 | Petition for Review of Final Agency Action, filed 11/6/13. s/Blackwell, Esq. |
| 11/20/13 | Affidavit of Service and two Certified Mail receipts, filed 11/18/13. s/Blackwell, Esq.<br>- Certified Mail receipt - John C. Morris, Commissioner, Dept of Public Safety, with date of delivery 11/8/13, no signature.<br>- Certified Mail receipt - Janet Mills, Office of the Attorney General, with date of delivery 11/8/13, no signature. |
| 11/26/13 | Letter entering appearance for Respondent, filed. s/Smith, AAG |
| 12/10/13 | Administrative Record, filed (12/16/13). s/Yustak-Smith, AAG |
| 12/10/13 | Notice and Briefing Schedule issued. Copies to Blackwell, Esq., Smith, AAG |
| 01/15/14 | Petitioners Brief, filed (1/14/14). s/Blackwell, Esq. |
| 2/13/14 | Brief of Respondent, filed.  s/Smith, AAG |
| 3/3/14 | Brief of Petitioner, filed. s/Blackwell, Esq. |
| 3/25/14 | Hearing scheduled on Oral Argument for April 24, 2014 at 3:15 p.m.<br>Copy to Smith, Blackwell |
| 4/4/14 | Motion to Continue hearing, filed (4/2/14). s/Blackwell, Esq. |
| 4/4/14 | Letter, filed. s/Yustak-Smith, AAG<br>Respondent does not object to the Motion to Continue. |
| 4/11/14 | Motion to Continue, GRANTED (4/9/14), Murphy, J<br>Copy sent to Smith, Blackwell |
| 6/4/14 | Hearing scheduled for oral argument on June 27, 2014 at 3 p.m. |

6/30/14      Hearing held on Oral Argument on June 27, 2014
             Under Advisement

7/29/14      DECISION AND ORDER ON RULE 80C APPEAL, Mullen, J. (7/22/14)
             The Court affirms Respondent's decision to to deny Petitioner's request for a permit to
             carry a non-concealed firearm.
             Copy to Yustak Smith, Blackwell, Repositories

7/29/14      21-day Notice of removal of record mailed to AAG Yustak Smith