Edwin E. Jones *vs*. Perley E. Berry.

Cumberland.   Opinion, May 31, 1944.

*Milan J. Smith*, for the plaintiff.

*Harry E. Nixon*, for the defendant.

Sitting: Sturgis, C.J., Thaxter, Hudson, Manser, Murchie, Chapman, JJ.

Per Curiam.

The above case comes to this court upon exceptions by the defendant to the allowance by a Justice of the Superior Court of a finding by a referee in favor of the plaintiff.

The plaintiff declared by an account annexed to his writ as follows:

"Portland, Maine, February 9, 1943.

Perley E. Berry

To Edwin E. Jones, Dr.

1942

Nov. 2    To labor and services, use of truck and money laid out for cleaning out, digging out and tear-
to       ing out old cesspool and building and installing a new cesspool at Pine Point, so called, at the cor-
Nov. 10  ner of the back street and Pine Point Road in the Town of Scarborough of property belonging to the said Perley E. Berry, as follows:

| | |
|---|---:|
| Edwin E. Jones, truck, 16½ hours at $1.00 per hour | 16.50 |
| Edwin E. Jones, labor, 37½ hours at $1.00 per hour | 37.50 |
| Leon Plummer, labor, 28 hours at $1.00 per hour | 28.00 |
| Oly Lawrence, labor, 24 hours at $1.00 per hour | 24.00 |
| Fred Burnham, labor 11 hours at $1.00 per hour | 11.00 |
| John Moses, labor 3 hours at $1.00 per hour | 3.00 |
| Carting nine loads of waste at $10.00 per load | 90.00 |
| Total amount due | 210.00" |

At the hearing before the referee, the plaintiff offered in support of his claim an affidavit as to the correctness and com-

pleteness of the account. This he justified under R. S. 1930, Section 129 of Chapter 96, which reads as follows:

"In all actions brought on an itemized account annexed to the writ, the affidavit of the plaintiff, made before a notary public using a seal, that the account on which the action is brought is a true statement of the indebtedness existing between the parties to the suit with all proper credits given, and that the prices or items charged therein are just and reasonable, shall be prima facie evidence of the truth of the statement made in such affidavit, and shall entitle the plaintiff to the judgment, unless rebutted by competent and sufficient evidence."

The affidavit was received by the referee and thereupon the plaintiff rested. The defendant offering no evidence, contended that the claim presented by the account annexed was not such as was within the contemplation of the statute quoted and that, therefore, the affidavit was of no effect in proving the claim. The referee ruled otherwise and found for the plaintiff.

Upon the presentation of the report of the referee to the Justice of the Superior Court for allowance, objections to the report were overruled by that Justice and thereupon the defendant filed his exceptions.

The declaration of the plaintiff's claim by means of an account annexed was in accordance with the procedure of long standing in our courts in the presentation of claims of the nature of the claim of the plaintiff, *Cape Elizabeth* v. *Lombard*, 70 Me., 396. The account was properly itemized, *Peabody* v. *Conley*, 111 Me., 174, 88 A., 411, and in all other respects met the requirements of Section 129.

The referee reduced the total of the claim in the account annexed by reason of ceiling prices established by the Federal Office of Price Administration. The question of his right to take judicial notice of the establishment of such prices is not before us. Moreover, inasmuch as such action reduced the amount

314

found for the plaintiff, the defendant was not prejudiced thereby.

The entry must be:

*Exceptions overruled.*