J. R. CIANCHETTE
D/B/A PITTSFIELD TRUCK & FARM EQUIPMENT
*vs.*
LEVI HANSON

J. R. CIANCHETTE
D/B/A PITTSFIELD TRUCK & FARM EQUIPMENT
*vs.*
JOSEPH HANSON

Somerset.    Opinion, June 20, 1956.

PER CURIAM.

Each of these two cases is an action of assumpsit on an account annexed, brought in the Superior Court for the County of Somerset. The declaration in the case against Levi Hanson claimed $319.60 due. The declaration in the case against Joseph Hanson claimed $198.18. The declaration in each case also contained omnibus money counts.

Both of the cases were referred to the same referee, who heard the cases, and in one report awarded the plaintiff the sum of $170.34 against Levi Hanson. In the other case, against Joseph Hanson, the referee found due to the plaintiff the sum of $198.18. The evidence presented by the plaintiff in each case was an affidavit signed by the plaintiff, J. R. Cianchette of Pittsfield, in form as provided in Revised Statutes, 1954, Chapter 113, Section 132. The defendant pleaded the general issue in each case, with a brief statement in the case against Levi Hanson "that payment in full of said account was made prior to suit."

Objections were filed to the acceptance of the report of the referee in each case, and exceptions to allowance of referee's report were taken in each case. The bills of exceptions are before us. The record in each case before us shows the plaintiff's affidavit, the report of referee and the

bill of exceptions. The record in each case is barren of any evidence offered by the defendant, if the defendant in either case, in fact introduced any evidence.

The defendants, and each of them, in the bill of exceptions claim error in that the referee admitted the affidavit of J. R. Cianchette as an individual, without further proof of personal knowledge of the various items listed in the account annexed on the part of the plaintiff. The affidavit was admissible. Its weight would have been for the referee even had there been evidence that he had no personal knowledge. See *Mansfield* v. *Gushee,* 120 Me. 333, 337. In the case against Levi Hanson the defendant also claimed that the referee could not find less than the sum demanded, where the only proof offered was an affidavit.

The Statute (R. S., 1954, Chap. 113, Sec. 132) provides for prima facie proof by affidavit of the plaintiff in an action on an account annexed, and the plaintiff is entitled to a judgment in his favor unless the statements in the affidavit are rebutted by "competent and sufficient evidence." The statements in the affidavit in each case were not rebutted in any manner by the defendant. Neither defendant offered any evidence. The plaintiff in each case was entitled to judgment.

That the referee was absolutely bound by all statements of amount in the account annexed, does not follow. The referee was entitled not only to consider the facts stated in the affidavit, but any and all circumstances (such as items, credits, reasonable prices, etc.) that may have appeared, in order to reach a just decision. *Winters* v. *Smith,* 148 Me. 273.

The plaintiff was entitled to judgment in each case, because in each case the defendant offered no evidence to

contradict or rebut the affidavit. See *Mugerdichian* v. *Goudalion*, 134 Me. 290; *Jones* v. *Berry*, 140 Me. 311.

*Exceptions overruled in each case.*

*Clair L. Cianchette*, for plaintiff.

*Bartolo M. Siciliano*, for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J., CLARKE, J., did not sit.