pSTATE OF MAINE                                  SUPERIOR COURT
YORK, ss.                                          CIVIL ACTION
                                                      DOCKET NO: RE-10-257
JON-YOR-3/22/2012

ISLAND TERRACE OWNERS
ASSOCIATION

              Plaintiff,

v.

UNIT 91, LLC

              Defendant,

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the court is the plaintiff's Motion for Summary Judgment seeking judgment on all counts of the Complaint and the defendant's Counterclaim. The motion has been fully briefed and oral argument was held on March 8, 2012.

### BACKGROUND

Unit 91, LLC is owner of a unit 91 at the Island Terrace Condominiums, located in Saco, Maine, and has been for all times relevant to this action. (Pl. SMF ¶ 1.) Unit 91 is the only unit in the Island Terrace Condominium building that is not restricted to residential use and is authorized to be subdivided. (Def. Additional SMF ¶ 2.) The building itself is a former textile mill and currently there are several deficiencies in the common elements including, structural damage to the building's roof, western external wall, foundation, and the floor and ceiling separating unit 91 from the parking garage below. (Def. Additional SMF ¶ 4.)

1

In 2009, prior to the filing of this case, Island Terrace Owners' Association ("ITOA") brought a foreclosure action against Unit 91, LLC for nonpayment of condominium assessments and fees on unit 91. (Pl. SMF ¶ 2.) Unit 91, LLC brought a two-count counterclaim, including a claim for specific performance of ITOA's obligation to repair, maintain, and replace the common elements described above. (Pl. SMF ¶ 3.) The claims and counterclaims in the 2009 action were dismissed with prejudice after Unit 91, LLC and ITOA entered into a settlement agreement. (Pl. SMF ¶ 4.) The settlement agreement required Unit 91, LLC to pay $102,500 by May 21, 2010 in fulfillment of the claims against it. Upon receipt of that payment, ITOA agreed to write-off any remaining financial obligation and to deposit $48,120 of that payment into a separate Capital Improvement Account in which all amounts received from other unit owners for the so-called "10% special assessment" would also be deposited. (Pl. SMF ¶ 4.) The settlement agreement also made all disputes arising therefrom subject to binding, non-appealable arbitration. (Pl. SMF ¶ 5.) The parties went to arbitration to resolve Unit 91, LLC's failure to pay by May 21, 2010 and this resulted in an award of late fees and attorneys fees in addition to the amounts due under the settlement agreement. (Pl. SMF ¶ 6.)

ITOA has brought this Complaint on the grounds that Unit 91, LLC has failed to make payment to ITOA on the fees and assessments that have accrued since the settlement agreement, namely from June 2010 forward. (Pl. SMF ¶ 9.) The Complaint seeks relief through foreclosure, breach of contract, personal action against Unit 91, LLC for money owed, and account annexed. Unit 91, LLC has brought a one-count counterclaim seeking specific performance of the necessary repairs to the common elements and seeking costs.

2

## DISCUSSION

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). A genuine issue exists when sufficient evidence exists to require a factfinder to choose between competing versions of the truth. *Baillargeon v. Estate of Dolores A. Daigle*, 2010 ME 127, ¶ 12, 8 A.3d 709. In considering a motion for summary judgment, the court should view the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702. The parties' Rule 56(h) statements must be adequately supported by a record citation setting forth the facts as would be admissible at trial. If statements are not adequately supported, the court may disregard them. M.R. Civ. P. 56(h)(4). The Law Court has noted recently that "strict adherence" to the requirements of the rule is necessary. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 12, 21 A.3d 1015.

## I.    Counterclaim

ITOA moves for summary judgment on Unit 91, LLC's counterclaim for specific performance on two grounds: 1) claim preclusion, because this claim was dismissed with prejudice in the prior case and 2) if not precluded, unclean hands, because Unit 91, LLC's failure to pay the assessments is "single biggest impediment" to completion of the renovations. Unit 91, LLC, admits that this counterclaim and the counterclaim brought in the prior action do allege the same injuries. However, it argues that the counterclaim is not barred by the doctrine of claim preclusion because it is seeks redress of a continuing harm. (Def. Opp. 4-6.)

3

Claim preclusion bars the relitigation of a claim when "(1) the same parties or their privies are involved in both actions; (2) a valid and final judgment was entered in the prior action; and (3) the matters presented for decision in the second, were, or might have been litigated in the first action." *Macomber v. Macquinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131. A dismissal with prejudice acts as a valid final and judgment.[1] *Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 8, 701 A.2d 866; *see also Warfield v. AlliedSignal TBS Holdings Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) ("A voluntary dismissal with prejudice operates as a final adjudication on the merits."). The Supreme Court has stated that the doctrine of claim preclusion is not subject to a court's ad hoc determination of the equities of a case and that the principles of judicial administration and repose require strict adherence to the doctrine. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 401 (1981).

Claims that arise after the first action are not barred by claim preclusion despite the fact that they involve the same parties and the same set of facts. This is especially relevant to cases where a continuing or repetitive injury occurs and each successive injury creates a new cause of action. *Darney v. Dragon Products Co.*, 592 F. Supp. 2d 180, 184 (D. Me. 2009); *see also* Restatement (Second) Judgments § 26(1)(e) (claim preclusion does not apply "in a case involving a continuing or recurrent wrong" when the plaintiff choses "to sue from time to time for the damages incurred to the date of suit.").

---

[1] For the purposes of claim preclusion, a final judgment does not require that the court have adjudicated the merits of the claim because the rationale behind the doctrine of claim preclusion is "fairness to the defendant, and sound judicial administration, [which] require that at some point litigation over the particular controversy come to an end." Restatement (Second) Judgments § 19, cmt. a (1982).

4

Unit 91, LLC argues that ITOA's continuing obligation to "maintain, repair, and replace" the common elements of the building, imposed by statute and by contract, is an obligation that did not end with the settlement agreement between the two parties; that is, that the settlement agreement did not immunize ITOA from claims against it for failure to meet this obligation. (Def. Opp. 6.) Unit 91, LLC's characterization of this wrong as akin to a continuing trespass or nuisance is misplaced. First, when a plaintiff chooses to split his causes of action in the case of a continuing trespass or nuisance, the available remedy is damages incurred from the time of the last adjudication until the next adjudication. In this case, Unit 91, LLC is not seeking damages from the last adjudication but rather is seeking specific performance of the same repairs sought in the last action. This kind of equitable relief does not lend itself to being split into separate causes of action. Second, the wrong in this case, although arguably continuing, is not of a kind that gives rise to an independent cause of action for each day of continuing wrong. Instead, it is an action on an indivisible contract. The contract was allegedly breached by failure to repair and it remains breached for failure to repair of the same defects. Remedies for breach of contract accrue when the contract is breached. *Dunelawn Owners' Ass'n v. Gendreau*, 2000 ME 94, ¶ 10, 750 A.2d 591; *see also Johnson*, 1997 ME 220, 704 A.2d 866. New remedies would accrue for a subsequent breach of a different provision of the contract but a failure to remedy a breach is not in and of itself a new breach.

This does not mean that ITOA is isolated from liability for failure to repair the common elements in question. None of the other unit owners' rights regarding this matter have been adjudicated and those owners continue to have cause of action against ITOA. However, because Unit 91, LLC compromised its

5

claim for specific performance of repairs to the common elements in question by dismissing the prior claim with prejudice, it cannot relitigate that issue in this action. Because the court concludes that the Counterclaim is barred by the doctrine of claim preclusion, it is unnecessary to reach the equitable defense of unclean hands.

## II. Complaint

ITOA moves for summary judgment on the claims contained in its Complaint. Each of these claims are based on the same alleged facts, namely that Unit 91, LLC has failed to make the assessment payments and now owes those assessments, late fees, and attorneys fees. Unit 91, LLC opposes ITOA's motion on the grounds that a genuine issue of material fact exists with regard to the amount owed, that ITOA cannot sue for breach of contract because it is also in material breach of contract, and that ITOA's motion on the foreclosure claim is procedurally defective because the statements of material fact are not supported by admissible evidence.

### i. Breach of Contract

The rights and obligations of the parties are established by the Maine Condominium Act, 33 M.R.S.§§ 1601-101–1604-118 (2001), and the ITOA Declaration and By-laws. A condominium's declaration and by-laws are contracts between the association and the individual unit owners. *Alexander v. Fairway Villas*, 1998 ME 226, ¶ 11, 719 A.2d 103; *Bhatnagar v. Mid-Maine Med. Ctr.*, 510 A.2d 233, 234 (Me. 1986). One cannot recover damages for a failure to pay under a contract if the non-paying party rightfully withheld payment because the party seeking damages has materially breached the contract. Restatement (Second) Contracts § 237 (1981). A material breach is non-performance that is so

6

important that the other party is justified in regarding whole transaction at an end. *Cellar Dwellers, Inc. v. D'Alessio*, 2010 ME 32, ¶ 16, 993 A.2d 1. Whether or not there has been a breach of a contract and whether or not that breach is material are questions of fact. *Jenkins, Inc. v. Walsh Bros.*, 2001 ME 98, ¶ 13, 776 A.2d 1229; *Waterville Indus. v. Fin. Auth. of Me.*, 2000 ME 138, ¶ 28, 758 A.2d 986 (treating materiality as a question of fact); *Oak Ridge Builders v. Howland*, 2006 Me. Super. LEXIS 215, * 15 (Oct. 10, 2006).

The obligation to pay assessments is contained in Article V(C)(9) of the ITOA By-laws. Section 9(f) of the Declaration and Article II(A) of the By-laws impose the obligation on the ITOA to maintain, repair, and replace the condominium's common elements. ITOA asserts that Unit 91, LLC breached its obligations under the By-laws by failing to pay assessments when due and Unit 91, LLC alleges that ITOA has materially breached the Declaration and By-laws by failing to complete needed repairs to the common elements.[2] (Pl. SMF ¶ 9; Def. Opp. SMF ¶¶ 21, 25-20; Def. Additional SMF ¶ 8.)

Although ITOA has the obligation to maintain and repair the common elements including the roof and foundation, the Declaration and By-laws do not impose any specific manner or time for performance. There is no dispute that the required repairs to the common elements have not been fully completed. However, ITOA claims that it has sufficiently moved forward on the project, in the face of financial strain, such that it is satisfying its obligations under the Declaration and By-laws. (Pl. SMF ¶¶ 15-17.) Unit 91, LLC does not dispute that certain actions have been taken by ITOA, but it does dispute that this satisfies the

---

[2] ITOA is correct to assert that the Declaration and By-laws do not authorize a unit owner to withhold payment of fees and assessments or to set off assessments against other obligtions. (Pl. Reply SMF ¶ 14.) However, Unit 91, LLC's claim is based on general principles of contract law and not the specific language of this contract.

obligation. (Def. Opp. SMF ¶¶ 15-17; Def. Opp. 10.) Given that this is a question of whether there has been a failure to meet a contractual obligation and whether that failure is a material breach, the parties have presented a genuine issue of material fact and, therefore, summary judgment is improper.

Unit 91, LLC also argues that there is a genuine issue of material fact regarding the amounts owed on the account. (Def. Opp. SMF ¶ 9.) It states that the June and July assessments were paid as part of the $8,511.79 payment and the August and September assessments were paid on November 29, 2010. (Def. Additional SMF ¶¶ 16-17.) ITOA counters by stating that the $8,511.79 payment was applied first to the settlement agreement amount and then to attorney's fees and late fees such that there was an insufficient amount to cover even one month's assessment. (Pl. Reply SMF ¶ 9.) Unit 91, LLC also argues that ITOA's statement of the amount due is not supported by the record citation because Mr. Keegan's affidavit testimony is hearsay. (Def. Opp. 11.) The objection appears to be based on the fact that no business records are attached to the affidavit and so the Plaintiff cannot rely on the business records exception to the hearsay rule. The affidavit, however, is based on Mr. Keegan's personal knowledge, which the scope of his employment appears to require, and therefore is admissible. (See Keegan Aff. ¶¶ 1-2.)

Each party supports its statements with affidavit testimony and, although ITOA has provided more detail with regard to the calculation of the amount owed, this issue and the evidence supporting both sides are sufficient to require a fact-finder to resolve.

8

*ii.    Foreclosure*

The Plaintiff has brought a foreclosure action pursuant to 33 M.R.S. § 1603-116(a) and 14 M.R.S. § 6321. The Maine Condominium Act establishes a lien on any unit for assessments or fines levied against that unit from the time the assessment becomes due. 33 M.R.S. § 1603-116(a). That lien may be foreclosed in like manner as a mortgage on real estate. *Id.*

Although this statutory provision creates the security rights of the condominium association and gives the association a cause of action, the obligation to pay an assessment is a contractual obligation defined in the condominium Declaration and By-laws. ITOA has not proven that it is entitled to summary judgment on the breach of contract claim and therefore summary judgment is equally inappropriate for this claim because of its contractual nature.

*iii.    Money Owed*

ITOA brings count III as an action for money owed against Unit 91, LLC personally. As stated in the Complaint, the By-laws make the assessments the personal obligation of the owner of the unit at the time the assessment becomes due. *See* By-laws, article V(C)(9). There does not appear to be any dispute about what entity was the owner of the unit at the times these assessments were made. (Pl. SMF ¶ 1, Def. Opp. SMF ¶ 1.) The action for money owed also requires resolution of the factual issues raised under the breach of contract claim, making summary judgment inappropriate.

*iv.    Account Annexed*

Section 355 of Title 16 states that an affidavit swearing to the truth and accuracy of an account is prima facie evidence of a claim for account annexed. A plaintiff submitting such an affidavit is entitled to judgment in its favor unless

9

the defendant rebuts statements made in the affidavit with competent and sufficient evidence. *Cianchette v. Hanson*, 152 Me. 84, 85, 123 A.2d 772, 773 (1956).

The Complaint contains Exhibit B, a statement of account on which it seeks to recover. The Complaint, however, is not a verified complaint and therefore this exhibit is insufficient evidence in the action for account annexed. An account statement was not submitted with ITOA's original summary judgment record. ITOA finally submitted an account statement as Exhibit G, attached to the Supplemental Affidavit of Keegan supporting its Reply to Unit 91, LLC's denial of Statement of Material Fact, paragraph 9. In this Supplemental Affidavit, ITOA admits that the account statement originally submitted with the Complaint is incorrect.

Regardless of whether Exhibit G and the Supplemental Affidavit are sufficient for establishing a prima facie case of account annexed, the debt is premised on the same breach of contract to which Unit 91, LLC has created two genuine issues of material fact, thus making summary judgment on this count equally inappropriate.

**The entry is:**

The Plaintiff's Motion for Summary Judgment is GRANTED as to the Defendant's Counterclaim but DENIED as to the counts of the Complaint.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 3/22/12

John O'Neil, Jr.
Justice, Superior Court

10

ATTORNEY FOR PLAINTIFF:
BRENDAN RIELLY
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME   04112


ATTORNEY FOR DEFENDANT:
ROY PIERCE
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME   04112-9546